THE GAME AND FRESH WATER FISH COMMISSION OF THE STATE OF FLORIDA, v. ROSS WILLIAMS, as Judge of the Circuit Court of Dade County, Florida, and H. G. STEWART.

28 So. (2nd) 431                                    June Term, 1946
December 20, 1946                                   Division A
Rehearing denied January 13, 1947

*Earl D. Farr, Mabry, Reaves, Carlton, Anderson, Fields & Ward* for petitioner.

*Bell & Bell,* for respondents.

BUFORD, J.:

On October 18th, 1946 the Game and Fresh Water Fish Commission of the State of Florida filed its petition for prohibition in this Court wherein it was prayed that the Honorable Ross Williams as Judge of the Circuit Court for Dade County, Florida, and H. G. Stewart be prohibited from pro-

ceeding further with the disposition of a certain cause then pending before the said Judge Ross Williams as Judge of the Circuit Court in and for Dade County, wherein the said H. G. Stewart sought an injunction against the Game and Fresh Water Fish Commission of the State of Florida, its agents, employees and enforcement officers enforcing within Dade County, Florida its Rule 14.01 and Rule 9, including the Resolutions adopted as a part thereof; and that the defendant be required to make answer to the amended bill of complaint, but not under oath, answer under oath being hereby specifically waived; and that upon final hearing the said defendant be permanently enjoined from exercising jurisdiction or control over Lake Okeechobee, and be permanently enjoined from enforcing Rule 14.01, and Rule 9 and the Resolutions adopted as a part thereof.

The bill of complaint attacks the validity of Rule of the Commission numbered 14.10 and what appears to be two Rules 9, Resolutions. These rules are as follows:

"RULE 14.01 SALE OF FRESH WATER FISH PROHIBITED.

"No person or persons shall sell, offer for sale, barter, purchase, offer to purchase, or exchange for merchandise or transport, transport for sale, or transport out of the State of Florida any large or small mouth black bass, speckled perch, jack, bream, shell cracker, warmouth perch, red breast, pike, stump knocker, or any other species of bream; provided that holder of valid fishing licenses may carry out of the State or transport as personal baggage one day's bag limit thereof; and provided further that the Director may issue permits for transportation of black bass, speckled perch, jack, bream, shell cracker, warmouth perch, red breast, pike, stump knocker, or any other species of bream within or out of the State of Florida for propagation or scientific purposes only. No common carrier shall knowingly transport or receive for transportation within the State of Florida, any black bass, speckled perch, jack, bream, shell cracker, warmouth perch, redbreast, pike, stump knocker, or any other species of bream. It is the intention of this Rule to prohibit within the limits of the State of Florida, the sale and shipment of any species of

fresh water fish except garfish, catfish, mudfish or blackfish, whether such fresh water fish were caught from the waters within the State of Florida or elsewhere.

"RULE 14.01   SALE OF BLACK BASS PROHIBITED

" (Page 50 of the Printed Code)

"This Rule is amended effective October 1, 1946.

"RULE 9   RESOLUTION:

"WHEREAS, The Legislature of the State of Florida from time to time, by statutory decree has determined that the fresh water of Lake Okeechobee is salt notwithstanding the known fact that the water of the said Lake Okeechobee is known to be fresh, and is used for drinking purposes by both humans and animals, and is also extensively used for the irrigation of tender vegetable crops and

"WHEREAS Lake Okeechobee is historically known as one of the largest fresh water Lakes lying wholly within the United States, and is nationally regarded as a sportsman's paradise for fresh water fish, and

"WHEREAS, the fish heretofore commercially taken from Lake Okeechobee are predominantly fresh water fish, and

"WHEREAS, the waters of Lake Okeechobee constitute a breeding ground for fresh water fish, for the waters of Caloosahatchee River, Fish Eating Creek, Kissimmee River, St. Lucie Canal and many other bodies of fresh water where commercial fishing with seines, nets and traps is not permitted, and

"WHEREAS, the netting of said Okeechobee Lake Waters disturbs, injures and destroys the breeding grounds of black bass and other fresh water fish species,

"NOW, THEREFORE, The Game and Fresh Water Fish Commission of the State of Florida, finds and declares the following rule to be reasonable and necessary for the purpose of the proper management, restoration, conservation and regulation of fresh water fish in the waters of the said Lake Okeechobee, State of Florida, to-wit:

"1.   That the Rule and Regulation shall be enforced on and after October 1, 1946, in order that all commercial interests may be duly advised and may arrange their future commercial operations accordingly.

"2. That on and after the effective date of this Regula-tion, no person may take or attempt to take any fresh water fish from the waters of Lake Okeechobee, State of Florida, by means of any device excepting hook and line, rod and reel, bob, spinner, troll or trotline. The taking of fresh water fish from the waters of Lake Okeechobee by any other means of any other device excepting the foregoing is hereby expressly forbidden.

"RULE 9 RESOLUTION:

"WHEREAS, the waters of the State of Florida are known as a Sportsman's Paradise for fresh water fish, and

"WHEREAS, the responsibility for the management, res-toration, conservation and regulation of fresh water fish in the waters of the State of Florida is vested in the Game and Fresh Water Fish Commission of the State of Florida,

"NOW, THEREFORE, the Game and Fresh Water Fish Commission of the State of Florida finds and declares the following Rule to be reasonable and necessary for the purpose of the proper management, restoration, conservation and regulation of fresh water fish in the waters of the State of Florida, to-wit:

"1. That this Rule shall not be enforced until on and after October 1, 1946, in order that all commercial interests may be duly advised and that they may arrange their future commercial operations accordingly.

"2. That on and after the effective date for the enforce-ment of this Rule, no person may lawfully take or attempt to take any fresh water fish from the waters of the State of Florida by means of any device excepting hook and line, rod and reel, bob, spinner, troll or trotline. The taking of fresh water fish from the waters of the State of Florida by any other means or any other device excepting the foregoing is hereby expressly forbidden.

"3. That this Rule shall not be construed to permit the taking of fresh water fish commercially for the period expiring October 1, 1946, in any of the waters of the State of Florida where said fresh water fish are not at this time per-mitted to be taken commercially."

As to Lake Okeechobee the contention is that fresh water fish in Lake Okeechobee come within the purview of Sec. 32 (33) of Article XVI of the State Constitution because of Section 374.15 and 374.20 Fla. Statutes 1941 (same F.S.A.). Sub-Sections 1, 4 and 7 of Sec. 30 of Article IV of the Constitution provide as follows:

"(1) From and after January 1, 1943, the management, restoration, conservation and regulation of the birds, game, fur-bearing animals, and fresh water fish of the State of Florida, and the acquisition, establishment, control and management of hatcheries, sanctuaries, refuges, reservations, and all other property now or hereafter owned or used for such purposes by the State of Florida, shall be vested in a Commission to be known as the Game and Fresh Water Fish Commission. Such Commission shall consist of five members, one from each congressional district, as existing on January 1, 1941, who shall be appointed by the Governor, subject to confirmation by the Senate. The members so appointed shall annually select one of their members as Chairman of the Commission."

"(4) Among the powers granted to the Commission by this Section shall be the power to fix bag limits and to fix open and closed seasons, on a state-wide, regional or local basis, as it may find to be appropriate, and to regulate the manner and method of taking, transporting, storing and using birds, game, fur-bearing animals, fresh water fish, reptiles and amphibians. The Commission shall also have the power to acquire by purchase, gift, all property necessary, useful or convenient, for the use of the Commission in the exercise of its powers hereunder."

"(7) The Legislature may enact any laws in aid of, but not inconsistent with, the provisions of this amendment, and all existing laws inconsistent herewith shall no longer remain in force and effect. All laws fixing penalties for the violation of the provisions of this amendment and all laws imposing license taxes shall be enacted by the Legislature from time to time. (Section added by amendment, Committee Substitute for Senate Joint Resolution 28, Acts 1941; adopted general election 1942.)"

Sections 374.15 and 374.20, supra, read as follows:

"374.15 Shrimp; Taking in Gulf of Mexico;—Penalty.— No person may take shrimp or prawn inside of any bay, sound, or pass, or at any place within one mile of the shore in any of the waters of the Gulf of Mexico or its tributaries within the jurisdiction of this State between February first and April first or between August first and October first of each year. Any person violating the provisions of this section shall, upon conviction, be punished by a fine not exceeding three hundred dollars or to imprisonment not exceeding six months."

"374.20. Fishing in Lake Okeechobee.—For the purpose of this section Lake Okeechobee shall be considered salt water and fish, except black bass, may be taken at any time and used by residents and non-residents, subject to the restrictions and reservations imposed by law. No seine of greater length than one thousand yards may be fished in said waters. It is unlawful for any person to have in his possession, fish, or cause to be fished in said waters any seine, gill net or any other kind of fishnet or trap, for the purpose of catching any fish of a less size than two inches bar, measured from knot to knot, or a stretched mesh of four inches, except the footing circle and bag of such seine and traps may be one and one-half inches bar or three inches stretched mesh; provided, however, that nets of a less size may be fished for herring on established herring hauls which are designated by the supervisor of conservation, The possession of any fish net or fish trap of a less size mesh than prescribed herein shall be prica facie evidence that the seine or net is being used contrary to law. However, nothing in this section shall prohibit the catching of catfish by trot line or hook and line at any time, nor the shipment thereof."

It is not necessary in this case for us to determine the validity of either of said sections.

Section 372.79, 1945 Cumulative Supplement Vol. 1, Fla. Statutes (same F.S.A.) provides as follows:

"372.79. Game and Fresh Water Fsh Commission.—The name of the commission of game and fresh water fish is hereby changed to the game and fresh water fish commission

and wherever in the laws of this state the name 'commission of game and fresh water fish' appears, the same is changed to 'game and fresh water fish commission.' "

Section 372.03 Fla. Statutes, 1941, provides:

"The headquarters and general office of the commission of game and fresh water fish is located at the state capital, and when suitable adequate office space cannot be provided in the state capitol building, or other buildings owned by the state, the commission may rent or lease suitable office space in Tallahassee, Florida." . . .

That section also authorizes the commission to rent or lease suitable adequate space in other cities and towns in the state for branch or division offices and headquarters.

So it is that under the Constitution and laws of this State, the Game and Fresh Water Fish Commission of the State of Florida, is a constitutional state instrumentality and administrative board with its chief headquarters in the capital city, Tallahassee, Florida, and its rule and resolutions made pursuant to the constitution and laws of this State must be assumed to have been made and promulgated from the City of Tallahassee.

Any suit attacking the validity of the rule and resolution promulgated by the Commission must be brought in the Circuit Court of Leon County, Florida (if such suits may be maintained at all) ; otherwise, such suits might be brought in any of the several judicial circuits of the State of Florida, resulting in various and different holdings as to the validity of such rules and resolutions. It is in Tallahassee that the rules are made and, therefore, it must follow that it must be in the Circuit Court of Leon County (if permissible at all) where those rules and resolutions may be attacked. See State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So. (2nd) 522. Also see Mason Lumber Co. et al., v. Lee, 126 Fla. 371, 171 So. 332; Willard v. Barry, 113 Fla. 402, 152 So. 411.

Our conclusion might be different if it did not appear from the bill of complaint in this case that for the Circuit Court to grant the relief sought by the bill it must first find that the rules and resolutions of which the plaintiff complained were made and promulgated without authority of law and are void and of no effect.

In the case of State ex rel. v. Atkinson, 136 Fla. 528, 188 So. 834, the court said:

"It is true that the bill of complaint filed in Dade County contains allegations and prayers by which it may be said to have attempted to invoke the intervention of the court so as to affect the functioning of the board beyond the territorial jurisdiction of that court and in relation to others not parties complainant. In this respect the bill seeks relief which, if available at all, is too general to be awarded in the pending proceeding which may be effectual only to protect complainants from the operation of unconstitutional acts of the Board which may be shown to have been *committed in that jurisdiction.*"

Aside from this, the enforcement of the involved rules and resolutions in Dade County is only incidental to, and in aid of, the enforcement of the rule and resolutions prohibiting the initial taking of the fish from the waters of Lake Okeechobee, The Circuit Court of Dade County has no jurisdiction to intervene in a matter which primarily involves the alleged right of anyone to take fish from such waters which lie entirely beyond the territorial jurisdiction of such Court.

To the Rule Nisi issued by us on October 28, 1946, the Respondent Judge Ross Williams and the Respondent H. G. Stewart have filed separate answers and demurrers. The demurrers have been considered and are now overruled and the answers or returns have been examined and found to be insufficient. Therefore, the peremptory writ of prohibition is awarded.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.