C. B. SMITH, M. J. FOLEY and DANIEL W. MILLAN, as members of and constituting the FLORIDA INDUSTRIAL COMMISSION, an agency of the State of Florida, v. ROSS WILLIAMS, as Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, ROYAL H. WILSON, et al.

35 So. (2nd) 844 June Term, 1948
June 18, 1948 Division A
Rehearing denied July 2, 1948

*John T. Wigginton* and *Walter E. Rountree,* for petitioners.

*A. C. Franks,* and *H. H. Eyles,* for respondents.

SEBRING, J.:

The petitioners seek to prohibit the respondent Circuit Judge of Dade County from entertaining a suit in equity brought by twenty-two separate corporations, partnerships and individuals who own and operate private employment bureaus and agencies in Dade County and elsewhere in the State of Florida. The question presented on objections to the issuance of a writ of prohibition by this court relates solely to the

jurisdiction of the Circuit Court of Dade County to entertain the equity suit and decide the issues presented.

On September 2, 1947 certain persons, firms and corporations representing themselves to be engaged in the business of conducting and operating private employment agencies in Miami and other places in the State of Florida under licenses duly issued to them for the conduct of such business by the Florida Industrial Commission, filed in the Circuit Court of Dade County a bill for declaratory decree and injunction, to which the petitioners, as members of and constituting the Florida Industrial commission, a State agency, were made parties defendant. The bill alleged that the defendants in the cause have jurisdiction of and are charged with the official duty of supervising and controlling employment agencies in the State of Florida pursuant to chapter 24080, Laws of Florida, 1947; that in purported pursuance of their said official duties the defendants have adopted a certain resolution and rules providing for the governance of employment agencies, to become effective September 1, 1947; that the resolution and rules so adopted are without authority of law and in contravention of chapter 24080, supra, and operate to annul and abrogate certain provisions of the statutory law under which private employment agencies are authorized to operate and by which such agencies are to be regulated by the Commission; that the Commission has advised the plaintiffs that if they do not conform to the resolution and rules so promulgated by the Commission they will be arrested and prosecuted and their licenses canceled for such violation. The prayer of the bill is that a decree of the Circuit Court of Dade County be entered declaring said resolution and rules to be null and void and beyond the power and authority of the Commission to promulgate, and that the defendant Commissioners, their agents and servants be restrained from any attempt to enforce them as against the plaintiffs within Dade County.

Upon the ex parte application of the plaintiffs the Circuit Court of Dade County, on September 3, 1947, entered a temporary restraining order against the defendants, enjoining them, their agents and servants from enforcing said resolution and rules until the further order of the court. On September 19,

1947, the defendants filed a motion to dissolve the temporary injunction and to dismiss the suit, on the ground that "It affirmatively appears from the bill of complaint filed herein that this is a suit for declaratory judgment, attacking the validity of certain rules and resolutions promulgated by the Florida Industrial Commission, a State instrumentality and administrative board, with its chief headquarters in the capitol city of Tallahassee, Florida, and that the temporary injunction restrains the Florida Industrial Commission, its agents, etc., from the enforcement of such rules, and this Court is without jurisdiction to maintain such suit and/or grant relief by injunction pursuant thereto, such jurisdiction being vested in the Circuit Court of Leon County, Florida."

At a hearing on the motion to dissolve the injunction and dismiss the suit for lack of jurisdiction the Circuit Court of Dade County entered an order denying the motion as to each ground thereof and gave the Florida Industrial Commission 30 days within which to plead further in the cause. The defendants in the suit then instituted a proceeding in this court to prohibit the Circuit Court of Dade County from entertaining jurisdiction in the pending suit on the ground that said court had no jurisdiction to hear and determine the issues presented. In answer to a rule nisi in prohibition issued by this court the Circuit Judge who entered the order on the motions has filed his return and has set forth as his reason for taking jurisdiction of the cause and for entering the order on the motion, that the suit was instituted by residents of Dade County and involves the property rights of said parties in Dade County; that the laws of Florida vest in the Circuit Court of Dade County the jurisdiction to hear and determine the issues presented; that no legal objections have been made by the defendants in the cause to the jurisdiction of the Circuit Court of Dade County over the parties and the subject matter involved; and that the motion to dismiss the bill and dissolve the temporary restraining order operated as a waiver of privilege to being sued in Leon County if, in fact, a legal right to be sued in such county ever actually existed.

The matter is now before this Court for decision on the issue raised by the return filed by the respondent circuit judge

to the rule nisi in prohibition and a motion of the petitioners that a writ of prohibition be issued the return of the Circuit Judge to the contrary notwithstanding.

The petitioners base their demand for a writ of prohibition upon what they conceive to be the applicability of the rule enunciated in the case of Game and Fresh Water Fish Commission v. Williams, 158 Fla. 369, 28 So. (2nd) 431, to the facts of the case at bar; while the Circuit Judge against whom prohibition is sought contends that the principles announced in State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson, 136 Fla. 528, 188 So. 834, and State ex rel. Dade County Security Co. v. Barns, 99 Fla. 1258, 128 So. 860, are controlling.

Game and Fresh Water Fish Commission v. Williams, supra, was an original proceeding instituted in this court by the Game and Fresh Water Fish Commission to prohibit the Circuit Court of Dade County from proceeding in an equity suit then pending in said court wherein one H. G. Stewart was plaintiff and the members of the commission were defendants. The bill in the suit alleged, in substance, that the plaintiff Stewart was a citizen and resident of Moore Haven, Glades County, Florida, and ran a wholesale fish business there; that as a wholesale fish dealer he transported and sold fish taken from the waters of Lake Okeechobee to persons in Dade County and other counties in the State; that he held a license to engage in said business from the Board of Conservation of Florida which state agency by virtue of the Constitution and laws of Florida had and exercised jurisdiction over the taking for sale of fish from Lake Okeechobee; that despite the prior and continuous exercise of jurisdiction by the Board over said waters, the Game and Fresh Water Fish Commission of Florida, another state agency, was attempting, without power or authority, to oust the Board of Conservation of jurisdiction and itself to assume and exercise jurisdiction; that to that end the Commission had promulgated certain rules prohibiting the taking of fish from Lake Okeechobee except by means of hook and line, bob, spinner, troll or trotline, and prohibiting the transportation and sale thereof commercially; that even if the Commission did have authority to exercise

jurisdiction over said waters, the rules promulgated by it were unjust, unreasonable and unfair to plaintiff and others of like situation and discriminated against persons engaged in the taking, transportation and sale of fish from the lake for commercial purposes; that in the attempted exercise of pretended jurisdiction the Commission had threatened to arrest the plaintiff, his agents and servants if in violation of the said rules the plaintiff endeavored to transport, deliver or sell fish taken from said lake, to customers in Dade County or elsewhere in violation of the rules so promulgated. The prayer of the bill was that the Commission be enjoined from enforcing its rules *within Dade County* and from exercising jurisdiction over the waters of Lake Okeechobee.

It will be readily observed from the allegations of the bill of complaint that the equity suit was one brought by a nonresident of Dade County who did not even maintain his principal business establishment in the judicial circuit of which Dade County was a part. The suit had as its primary purpose the determination of the basic question of the validity and enforceability of certain rules promulgated by a state agency that even if found to be valid and enforceable could not directly affect any personal or property rights of the plaintiff in Dade County but would affect his personal and property rights, if at all, only in Glades County where the business establishment of the plaintiff was located and where fish acquired by him in the first instance were loaded for delivery elsewhere; that the enforcement of the challenged rules within Dade County would, at most, be only incidental to and in aid of the enforcement of the rules of the Commission prohibiting the initial taking of fish from the waters of Lake Okeechobee—a matter as to which the Circuit Court of Dade County would, in general, have no power to grant relief inasmuch as Lake Okeechobee is situated beyond the territorial jurisdiction of the Circuit Court of Dade County and the venue of an action instituted for such purpose would ordinarily be laid in another judicial circuit; that consequently, as to the plaintiff Williams who could not validly claim the direct or threatened unlawful invasion within Dade County of any lawful right, the suit was one which essentially involved

only the abstract question of the relative powers of the State Board of Conservation and the Game and Fresh Water Fish Commission over the waters of Lake Okeechobee and, assuming the Commission to have the paramount power of regulation, whether the rules promulgated by it were enforceable against persons engaged commercially in the transportation and sale of fish taken from Lake Okeechobee in violation of such rules. Under the set of facts thus presented this court was of opinion that the Circuit Court of Dade County did not have jurisdiction of the subject matter in the issue or that if it did, the case was one of the class of which the said court ought not to exercise such jurisdiction, and that the suit was one which, if maintainable at all, should have been maintained in the Circuit Court of Leon County where the headquarters of the Board and the Commission were located and the challenged rules were promulgated.

Broadly speaking, there are two types or classes of cases in which rules and regulations promulgated by state agencies may be brought into question in suits properly instituted for such purpose. The first is the type or class in which the primary purpose of the litigation is to obtain a judicial interpretation or declaration of a party's rights or duties under such rules and regulations, where no unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where suit is instituted. The second is the type or class in which the primary purpose of the litigation is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of rules and regulations alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the rules and regulations sought to be enforced comes into question only secondarily and as incidental to the main issue involved.

Game and Fresh Water Fish Commission v. Williams, supra, comes clearly within the first type or class mentioned in the preceding paragraph. The present equity suit now pending in the Circuit Court of Dade County comes within the

second type or class mentioned; for it has as its primary purpose something more than an attempt to raise mere abstract questions involving the construction of rules and regulations of a state agency, as was essentially the case in Game and Fresh Water Fish Commission v. Williams, supra, which was before a court which in effect had no jurisdiction of the subject matter involved and which could not properly have given the wide relief asked for, inasmuch as no constitutional rights of the plaintiff were being invaded in Dade County and the Circuit Court of Dade County had no jurisdiction over the waters of Lake Okeechobee. In the proceeding at bar it is shown that the plaintiffs maintain places of business in Dade County. Their personal and property rights are directly threatened with infringement or curtailment in Dade County by the enforcement there of rules promulgated by the Florida Industrial Commission which are asserted by the plaintiffs to be unconstitutional and in direct violation of the statute conferring the rule-making power on the Commission with respect to the businesses of the plaintiffs in Dade County sought to be regulated. Whether the plaintiffs are correct in their contention that their constitutional rights in Dade County are being or will be unlawfully invaded by the enforcement of rules promulgated by the Commission is not before us for determination. Whatever the true facts may prove to be, the plaintiffs do have the right to have this question presented by their bill judicially determined in a suit instituted for that purpose in the jurisdiction where the alleged wrong is threatened and to seek and have relief from the operation of unconstitutional acts of the Commission which may be shown to have been committed in that jurisdiction. See State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson 136 Fla. 528, 188 So. 834. As is recognized in State ex rel. Dade County Security Co. v. Barns, 99 Fla. 1258, 128 So. 860, a state officer or state agency may perform official acts throughout the state and may be amenable to the jurisdiction of the courts where official acts, the subject of litigation in such courts, have been performed.

The court recognized the soundness of the policy that in order to promote orderly, efficient, and economical govern-

ment, controversies involving the proper interpretation to be given rules and regulations promulgated by state agencies ought to be concentrated at the seat of state government where such state agencies are located, where such rules and regulations are promulgated, and where such suits can be defended at a minimum expenditure of effort and public funds. Such concentration of litigation manifestly makes for uniformity of interpretation of rules and regulations promulgated by such state instrumentalities and prevents conflicting judicial rulings in different jurisdictions resulting in decrees binding only in the counties where rendered and serving only to protect parties to the suits from the operation only of unlawful acts shown to have been actually committed within such particular jurisdictions. To accomplish this salutary purpose the legislature has the undoubted power with respect to the first type or class of cases we have mentioned, that is to say, suits brought *primarily* for the purpose of securing interpretations of rules and regulations promulgated by state agencies, to designate the headquarters of such state agencies as the venue where such suits shall be laid. When the legislature has thus acted the venue for suits of such nature will be in the county directed by such legislative designation; the action of the legislature in this respect amounting to a legislative fixing of the residence of such governmental agency for the purpose of suit. If, after the venue has been thus fixed, a suit involving primarily the interpretation of rules or regulations of a state agency is instituted in a jurisdiction other than that designated by the legislature the state agency affected has full means for requiring such suit to be brought in the county of its headquarters by filing timely objections in the pending cause and claiming the privilege of being sued in the form designated by the legislature; or the state agency may waive such privilege by contesting the merits, thereby submitting itself to the jurisdiction of the court in which the suit has been instituted. Through either procedure exercised in the manner indicated, the state agency has adequate authority to control the venue of actions brought primarily for the purpose of securing a construction of such rules and regulations, were the unlawful invasion of the fundamental rights

588

of the plaintiff within the county of suit is not directly involved.

As has been stated, the pending equity suit in Dade County is one brought primarily to secure judicial protection of personal and property rights of plaintiffs located in Dade County from the allleged threatened unlawful enforcement in Dade County of a resolution and rules of the Commission charged by the plaintiffs to be unconstitutional. The principles enunciated in State ex rel. Florida Dry Cleaning and Laundry Board v. Atkison, 136 Fla. 528, 188 So. 834; State ex rel. Dade County Security Co. v. Barns, 99 Fla. 1258, 128 So. 860, are therefore controlling with respect to the question of the unlawful infringement of constitutional rights of the plaintiffs within Dade County.

It follows from the conclusions reached that the rule nisi in prohibition should be discharged and the proceeding in prohibition dismissed.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.