49 So.2d 325 (1950)
HENDERSON
v.
GAY, Comptroller.
Supreme Court of Florida, Division A.
December 15, 1950.
*326 Yonge, Whiteside & Prunty, and H. Earl Barber, all of Miami, for appellant.
Richard W. Ervin, Atty. Gen., Fred M. Burns and Clyde G. Trammell, Jr., Asst. Attys. Gen., for appellee.
THOMAS, Justice.
The appellant filed a bill in the Circuit Court of Dade County to secure an injunction against the collection by the comptroller of certain taxes he had imposed under Chapter 26319, Laws of Florida, Acts of 1949, F.S.A. § 212.01 et seq., and to recover taxes already paid under that law. When the matter reached the chancellor upon a motion to dismiss, he held that he had "no jurisdiction over the Comptroller * * * as such in this proceeding and that the venue and jurisdiction * * * should be in Leon County, Florida, the legal residence of the Comptroller * * *." The controversy now reaches us on an appeal from the chancellor's order.
We cannot agree with the chancellor that the place where actions are to be brought against the comptroller is a matter of jurisdiction; it is one of venue, as was positively held in Gay, Comptroller, v. Ogilvie, Judge, Fla., 47 So.2d 525. So our comment will be restricted to the privilege of the comptroller in this particular litigation to defend the suit at the seat of government.
In two recent opinions of this court the line of demarkation between those cases which must be brought in Leon County, if the comptroller insists upon it, and those which may be brought elsewhere has been defined. In Smith v. Williams, Circuit Judge, 160 Fla. 580, 35 So.2d 844, Mr. Justice Sebring, speaking for the court, pointed out that when the legislature has fixed the residence of a government agency, in that case the Florida Industrial Commission, a suit primarily affecting the construction of the rules or regulations of the agency must be brought in the county of its headquarters if the defendant claims that privilege, while suits for protection against the invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, the validity of such rules and regulations being only secondary, may *327 be entertained in the county where the invasion is threatened or has occurred.
This pronouncement was repeated and somewhat enlarged in Gay, Comptroller, v. Ogilvie, Judge, supra. Parenthetically, it should be noted that both this case and Smith v. Williams, supra, were original proceedings for prohibition, and the court concluded that prohibition would not lie, obviously because only venue was involved and not jurisdiction.
Still later, in Gaulden v. Gay, Fla., 47 So.2d 580, 581, we approved a ruling of the chancellor that suits against the comptroller to test the legality of taxes could be maintained against him only in Leon County unless he waived the privilege or "`unless some attempt to seize and sell property * * * has been actually initiated in the county where the suit is brought.'"
With this background of the decisions of the court on the subject we return to the situation disclosed in the bill of complaint filed in the instant case. It was called a bill for declaratory decree, and set out that certain property of the plaintiff used in a private hospital had been taxed improperly under the revenue act, and the tax had been paid. The plaintiff prayed that the comptroller be enjoined from assessing such tax in the future and that he be required to return the moneys already paid. Inasmuch as there are exhibits attached to the bill of complaint consisting of letters exchanged by the comptroller and the attorneys for the plaintiff, the one requesting and the other furnishing an interpretation of the act so far as it related to the particular property of the plaintiff, we assume that the bill was also an effort to seek a review under Section 15 of Chapter 26319, supra, of the comptroller's determination.
So there is now brought into relief the question whether the rule we have recognized with reference to venue in suits against the comptroller is affected by the provisions of that section. It seems to us that, disregarding for the moment Section 15, supra, the bill of complaint would fall in the category of those cases which must be, if the comptroller insists upon it, instituted at Tallahassee, being primarily one for the interpretation of the revenue act, there being no allegation of an invasion of the plaintiff's constitutional rights or of an attempt to seize property.
What effect, then, does the provision of the statute with reference to review have upon the venue of a suit involving an interpretation of the provisions of the revenue act so far as the plaintiff's property is concerned?
In this section we find the simple provision that any person who has received an adverse decision from the comptroller "shall have the right" within a certain period "to have the comptroller's determination reviewed in appropriate proceedings in any of the circuit courts of Florida * *." We are unable to construe this provision of the statute as giving every taxpayer who is dissatisfied with the determination by the comptroller of the effect of the act upon his property the absolute right to go into any circuit court of the state and, despite the claim of the comptroller to the privilege of being sued at the seat of government, secure a ruling in the court of his choice. Thus to hold would, in our opinion, not take into account the reasons we have expressed for the rule, such as the securing of uniformity of decisions in various controversies throughout the state and the economical and expeditious handling of the affairs of the comptroller's office.
The appellant has advanced the idea that inasmuch as each person engaged in a retail business subject to tax is, in effect, a gatherer as well as a payer of taxes, the provisions of Section 15, supra, were intended to relax the rule in order to relieve him of the intolerable burden of going to the county where the capital is located in order to secure redress. It seems to us that this situation only emphasizes the need for the rule because, regardless of the number of suits and suitors, there is but one comptroller, and in order not to hamper him in the performance of his manifold duties, these suits, where possible, should be concentrated where the comptroller, in the interest of *328 the public, may defend them with a minimum of effort, time, and expense.
We conclude that the chancellor was correct in recognizing the privilege of the comptroller to be sued in the county where the state capital is located; so his order is
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.