MATHEWS, Justice.
The respondents are licensed dispensing opticians in Pinellas County. The petitioners are members of and constitute the State Board of Dispensing Opticians, as provided for by Chapter 484 F.S.1951, F.S.A. The petitioners adopted certain rules and regulations with reference to licensed practicing dispensing opticians to which respondents objected. There was evidently some prior correspondence between respondent Lawton and the petitioners which culminated in a letter of October 16, 1953, which reads as follows:
“I have your letter of October 14 in which you say that you have left the employment of St. John’s Opticians and have accepted a position at Webb City.
“The Opticians Law is clear and I feel positive that you realize that what you are doing or about to do will not be in keeping.
“The Board, therefore, will have no alternative but to take whatever action will be necessary to carry out the provisions of the Law.”
The respondents brought suit in the Circuit Court of Pinellas County. They prayed that the Court enter an appropriate decree, (a) construing the rules, (b) declaring whether the said rules are lawful, and (c) whether said rules deprive them of rights, privileges and immunities guaranteed by the Constitutions of the United States and the State of Florida, and for other relief.
Motion to dismiss the complaint for declaratory relief was filed by the petitioners upon the ground of improper venue because the said Board is a governmental agency of the State of Florida, with the official residence at the seat of government in the City of Tallahassee, County of Leon, in the Second Judicial Circuit of Florida. *51 The Circuit Judge denied the motion to dismiss. This petition for certiorari is to review that order of the Circuit Judge.
It is not questioned that the petitioners are members of the State Board of Dispensing Opticians and that said board is a State agency. It is insisted that the Circuit Court of Pinellas County has jurisdiction by reason of an immediate threat to respondents contained in the letter above quoted of October 16, 1953 of the Secretary of the Board. The threat is most general in that no time is fixed to take any action and the kind of action is not even suggested. There was nothing immediate because, as appears by this record, the so-called threat was made October 16th and the suit was filed on November 13th. It does not appear that any action was taken by the petitioners in the meantime. This is not a suit where an agent of the petitioners was in Pinellas County taking action against the respondents. At most the threat was that in due course the petitioners would take some kind of unspecified action at some time in the future. The official residence of a state board, which is an agency or arm of the sovereign, is in the City of Tallahassee, the County of Leon. Unless some exceptions to the rule are shown, a suit against such a state board should be instituted only in Leon County. Game and Fresh Water Fish Commission v. Williams, 158 Fla. 369, 28 So.2d 431; Smith v. Williams, 160 Fla. 580, 35 So.2d 844; Gaulden v. Gay, Fla., 47 So.2d 580; Henderson v. Gay, Fla., 49 So.2d 325.
In Smith v. Williams, supra, this Court held that a state agency has absolute authority to control the venue of action brought primarily for the purpose of securing a construction of rules and regulations.
In the case of Gay v. Jacksonville Symphony Ass’n, Fla., 53 So.2d 110, we held that a suit for declaratory decree against the Comptroller could not be brought in a County other than Leon, and there has been no active attempt on the part of the Comptroller to seize and sell property for the collection of any tax.
No waiver on the part of the state agency or action by it has been shown to exist which would bring this case within any of the exceptions permitting the suit to be maintained in Pinellas County.
There is involved in this petition the question of venue only and we do not pass upon any other question.
The petition for certiorari be and the same is hereby granted, and the order denying the motion to dismiss be and the same is hereby quashed, with directions to enter a proper order dismissing the bill of complaint.
THOMAS, Acting Chief Justice, SEBRING and DREW, JJ., concur.