MATHEWS, Justice.
The petitioner has filed an interlocutory appeal by certiorari in this cause seeking a review of an order made by the Circuit Judge denying his motion to dismiss for the reason that petitioner is the Treasurer and Insurance Commissioner of the State of Florida and can only be sued in the county of his official residence.
The respondent was an insurance agent and filed a bill questioning the validity of certain rules promulgated by the petitioner concerning anti-coercion in relation to placing of insurance on mortgaged property. The respondent claimed that the rules were unauthorized and inconsistent with the provisions of F.S. § 627.92, F.S.A. It then goes on to show that in Dade County the lenders of money apply such rules in a manner which deprives respondent from furnishing insurance coverage required of -the borrowers. By reason of these rules and the application thereof by money lenders, the respondent claims that it has suffered and continues to suffer loss of a great amount of income to its irreparable damage.
The bill of complaint fails to show that the petitioner has engaged in any action, administrative or otherwise, or has made any threat to engage in any action, against the respondent.
The petitioner filed his motion to dismiss because of improper venue, claiming the right to be sued in his official residence located at the seat of government in Tallahassee, Leon County, Florida.
It appears that the rules complained of were promulgated in Tallahassee and if respondent is a proper party to bring this suit, venue is proper in Leon County unless the action falls within one of the well known exceptions.
In the case of Dowdy v. Lawton, Fla., 72 So.2d 50, 51, the Board of Dispensing Opticians adopted certain rules- and regulations. Suit was brought in Pinellas County seeking a construction of the rules and a determination as to whether or not said rules were lawful. Motion to dismiss was *758 filed upon the ground of improper venue because the Board’s official residence was at the seat of government and at the City of Tallahassee, County of Leon. The Circuit Judge denied the motion. In that case there was some prior correspondence, and this Court said:
“* * * It is insisted that the Circuit Court of Pinellas County has jurisdiction by reason of an immediate threat to respondents contained in the letter above quoted of October 16, 1953 of the Secretary of the Board. The threat is most general in that no time is fixed to take any action and the kind of action is not even suggested. There was nothing immediate because, as appears by this record, the so-called threat was made October 16th and the suit was filed on November 13th. It does not appear that any action was taken by the petitioners in the meantime. This is not a suit where an agent of the petitioners was in Pinellas County taking action against the respondents. At most the threat was that in due course the petitioners would take some kind of unspecified action at some time in the future. The official residence of a state board, which is an agency or arm of the sovereign, is in the City of Tallahassee, the County of Leon. Unless some exceptions to the rule are shown, a suit against such a state board should be instituted only in Leon County. Game and Fresh Water Fish Commission v. Williams, 158 Fla. 369, 28 So. 2d 431; Smith v. Williams, 160 Fla. 580, 35 So.2d 844; Gaulden v. Gay, Fla., 47 So.2d 580; Henderson v. Gay, Fla., 49 So.2d 325.”
This suit does not come within any of the exceptions to the rule and the law and, therefore, if the respondent has any standing to seek relief, it is in Leon County, the official residence of the petitioner.
The petition for writ of certiorari be, and the same is hereby, granted, and the order denying the motion of petitioner should be, and the same is hereby, quashed, and an appropriate order should be entered by the Circuit Judge granting the said motion without prejudice.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.