**CHOTHEN, et al v. DEPARTMENT OF TRANSPORTATION, et al.**

No. 75-11298.

Circuit Court, Dade County.

August 29, 1975.

Linda M. Dakis, Miami, for the plaintiffs.

James P. Judkins, Tallahassee, for the defendant.

ALAN R. SCHWARTZ, Circuit Judge.

The Department of Transportation has moved to dismiss this tort action brought, as against it, under F.S. §768.28, on the asserted ground that venue is improperly laid in Dade County where the accident occurred and where each "contact" with the cause of action asserted admittedly took place. The department contends that although its sovereign immunity from tort actions has been in effect obviated by F.S. §768.28, it nevertheless retains what it asserts to be its sovereign right to be sued only in the location of its official headquarters, Leon County. Without reaching the question of whether the waiver of immunity statute itself precludes the department's contention to this effect, the court has concluded that a well recognized exception to the state's common law privilege to be sued in Leon County, which long antedates the statute, is directly applicable to the *new* situation created by the act that tort actions may now be maintained against the state and its agencies and subdivisions.

The exception is the one stated most succinctly by the Second District Court of Appeal in Department of Revenue v. First Federal Savings and Loan Association, Fla. App. 1971, 256 So.2d 524, 525-526 —

> "We understand Florida law to be that absent a waiver, the state or any of its agencies may be sued in a county other than that which is the situs of its official head-quarters only when the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent."

> \* \* \*

> "The question to be answered in these cases may be said to be *whether the state is the initial sword-wielder in the matter and whether the plaintiff's action is in the nature of a shield against the state's thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid. . . .*" (Emphasis supplied.)

See also Dowdy v. Lawton, Fla. 1954, 72 So.2d 50; Henderson v. Gay, Fla. 1950, 49 So.2d 325; Green v. Bob Lourie Films, Inc., Fla. App. 1961, 133 So.2d 431; Morris v. Williams, Fla. App. 1967,

199 So.2d 747; 34 Fla. Jur., *Venue*, §27. It seems very clear that in a personal injury action such as this "the state is the initial sword-wielder in the matter . . ." and its alleged "blow has been . . . laid on . . ." in the most obvious sense by actually causing damage to the plaintiff. Of course, the court recognizes that the cases, including the one quoted, which have applied this "exception" deal with situations in which the regulatory actions of the state or its agencies have been challenged — cases, in other words, in which the state had not been immune from actions against it. Nevertheless, the statement of the rule seems plainly to apply to the now-existing situation in which the state may be sued in tort, obviously for damage it has allegedly *already* caused.

There seems to be no Florida appellate case in which this issue has been raised or determined. The only venue case decided under F.S. §768.28, State v. Negrin, Fla. App. 1975, 306 So.2d 606, considered only the applicability of F.S. §337.19(3) to tort actions, and did not consider the exception to the department's privilege which the court feels is applicable here.

In reaching this conclusion, the court cannot overlook the tremendous inconvenience and wastage of judicial labor if an action such as this one, which is maintained against several defendants, which arises in Dade County, and in which all the witnesses reside here, must be transferred for consideration and separate trial as to one defendant only, the Department of Transportation, to Leon County. The court cannot believe that the legislature, in enacting F.S. §768.28, as well as the *forum non conveniens* statute, F.S. §47.122, intended any such result.

Based upon the foregoing it is ordered that the motion to dismiss for improper venue filed by the defendant Department of Transportation is denied.