JOANOS, Judge.
The issue presented in this appeal is whether the trial court erred in transferring venue of a negligence action against the Department of Corrections, an agency of the state, from the Second Judicial Circuit, which includes the county of the agency’s official residence, to the Twentieth Judicial Circuit, over the objection of the state agency. We find that it was error and reverse.
The motion for change of venue was filed pursuant to Section 47.122, Florida Statutes (1977), which allows changes of venue for the convenience of parties or witnesses or in the interest of justice. The record reveals that the incident at issue occurred in Collier County (which is in the Twentieth Judicial Circuit), treatment of the plaintiff took place in Collier County, all of the personnel of the Department of Corrections who were involved in the incident are located in Collier County, and all other witnesses are located in Collier County with the exception of one treating physician who is from Dade County.
While we may agree with the trial court that the public policy considerations favor the transfer of venue, we are constrained by the Supreme Court’s decision in Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla.1978), to conclude that venue must lie in Leon County since the state did not waive its common law privilege to be sued in the county where the state agency maintains its headquarters. In Carlile the Court specifically asserted that although there are exceptions to the common law venue privilege, a cause of action sounding in negligence is not one of them.[1]
*960 REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and SHIVERS, JJ., concur.

. Chapter 81-317, Laws of Florida, amends Section 768.28, Florida Statutes, to provide that an action in tort may be brought in the county where the cause of action accrued “if the affected agency or subdivision has an office in such county for the transaction of its customary business.” Even if this amendment were otherwise applicable, which we do not decide here, it would not be applicable to this cause of action because it was made explicitly effective only as to causes of action accruing on or after October 1, 1981.