DELL, Judge.
On April 10, 1986 appellee, the State of Florida, Department of Insurance (Department), filed an administrative complaint against appellant New England International Surety, Inc. (New England) alleging New England was not authorized by the Department to engage in the business of insurance under the laws of any state of the United States. The complaint further alleged that New England had entered into a contract of reinsurance with Dyna Span Corporation in Boca Raton, as well as other policies of reinsurance for persons or businesses in the cities of Tampa, Merritt Island, Panama City, Cocoa, Fort Myers and Fernandina Beach. On November 21,1986, the Department filed a first amended complaint alleging that New England had illegally effectuated a contract of reinsurance with Dyna Span and had issued policies to persons or businesses in eighteen cities in Florida as well as cities in three other states. New England was given notice in both complaints that after a hearing, the Department intended to enter an order for New England to cease and desist from engaging in the business of insurance in this state. In response to the complaints, New England requested a formal hearing pursuant to section 120.60, Florida Statutes (1985).
On December 8,1986, New England filed a petition for declaratory and injunctive relief in the circuit court of Palm Beach County. The complaint alleged that New England was not subject to the laws of Florida regulating insurance because federal law allowing New England to conduct its business preempts state law. On January 5, 1987, the Department filed a motion to dismiss the complaint or in the alternative to grant a change of venue. After a hearing on January 22, 1987, the trial court denied the motion to dismiss but granted a motion for change of venue. New England has timely appealed the portion of the order granting a change of venue, alleging that the sword wielder doctrine is applicable entitling it to maintain the declaratory relief action in Palm Beach County.
In Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362, 365 (Fla. 1978), the supreme court stated:
The so called “sword-wielder” doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is *733 both real and imminent. The Court in [Department of Revenue v.] First Federal [Savings and Loan Ass’n of Ft. Myers, 256 So.2d 524 (Fla. 2d DCA 1971)] stated:
The question to be answered in these cases may be said to be whether the state is the initial sword-wielder in the matter, and whether the plaintiffs action is in the nature of a shield against the state’s thrust. If so, then the suit may be maintained in the county wherein the blow has been or is imminently about to be laid on. (at 526).
A review of New England’s complaint for declaratory relief indicates that New England is a foreign corporation. The complaint contains no allegation that New England has an office or agent in Palm Beach County or that it has some specific property or other constitutional right situated in Palm Beach County which appellee is seeking to attack. Rather, appellee’s administrative complaint, which was incorporated into New England’s complaint, indicates that the Department is seeking to prevent New England from issuing insurance to any person or entity in the entire state. Accordingly, we conclude the trial court did not err in transferring venue of this action to Leon County. Cf. Dyna Span Corporation v. State of Florida, Department of Insurance, 509 So.2d 1234 (Fla. 4th DCA 1987) (where Dyna Span specifically alleged in its complaint for declaratory relief that specific property right in Palm Beach was threatened by agency administrative complaint, venue proper in Palm Beach County).
ANSTEAD and GLICKSTEIN, JJ., concur.