# LIFESPRING, INC. v 2700 WEST OAKLAND CORP.

## Case No. 88-23099-02

Seventeenth Judicial Circuit, Broward County

January 24, 1990

### APPEARANCES OF COUNSEL

**Henry W. Clar,** for appellant.

**Clifford H. Hark,** for appellee.

### OPINION OF THE COURT

BARBARA BRIDGE, Circuit Judge.

THIS CAUSE having come before the Court on a plenary appeal from County Court, and the Court having read the briefs and heard argument of counsel, and being otherwise advised in the premises, finds:

LIFESPRING, INC., hereinafter referred to as Lessee, is appealing an Order of Possession and Writ of Possession executed and issued by the Court below. 2700 WEST OAKLAND CORP., hereinafter referred to as Lessor, instituted a summary procedure non-residential, landlord-tenant eviction action against Lessee due to Lessee's failure to pay rent pursuant to the terms of a Lease between the parties. On June 1, 1988, a pretrial conference was held by the trial court and all counsel of record were present. At that conference, certain defects in the service of the three day notice on Lessee were discovered by the court. As a result, Lessee's Motions to Quash Service and Dismiss the Complaint were granted, and Lessor had leave to obtain new process on or before June 13, 1988. Subsequently, Lessor effectuated service and Lessee again filed Motions to Quash, Dismiss, and an Answer, Counterclaim, and Demand for Jury Trial on June 15, 1988. Then, on July 25, 1988, Lessee filed its Motion of Substitution of Party Plaintiff on the grounds that Lessor had transferred its alleged ownership interest in the property. Also, on July 25, 1988, another pretrial conference was held in which the trial judge concluded that Lessee was properly served. However, Lessee's Motion to Substitute Plaintiff, although raised at the conference, was not ruled upon by the trial court. The court then entered the Order of Possession in favor of Lessor from which the Writ of Possession issued. Lessee now raised five points on appeal.

The first point on appeal argued by Lessee is that Lessor improperly served the statutory notice requiring payment of rent or possession of the premises pursuant to F.S.A. § 83.20(2). This section states in part:

The service of the notice shall be by delivery of a true copy thereof, or if the tenant be absent from his last or usual place of residence, by leaving a copy thereof at such place. After a hearing and examination of evidence at the July 25 pretrial conference, the trial court determined that the statutory notice was properly served. Although this was Lessor's second service of its complaint in this action, the record below shows that such service was proper and in conformity with F.S.A. § 83.20(2).

Another point on appeal raised by the Lessee is that no final judgment was entered in the case, which would prevent the execution of a Writ of Possession. It is correct that there was no final judgment prior to the execution of the Writ of Possession. However, as a matter of law, this point of appeal is without merit. Florida Rule of Civil Procedure 1.580(a) titled "Writ of Possession" states in pertinent part:

(a) Issuance. When a judgment or *order* is for the delivery of possession of real property, the judgment or *order* shall direct the

222

clerk to issue a Writ of Possession. (Emphasis added). On July 25, 1988, during the pretrial status conference, the court entered an order directing the delivery of possession of the subject premises to the Lessor. Based upon this order, a Writ of Possession was issued according to the above rule. The Order of Possession is not a prerequisite to the issuance of the Writ. The above Rule does not require that only a judgment award the Writ. Compare, *Drawdy v Warfield,* 49 So.2d 328 (Fla. 1950). Therefore, the issuance of the Writ of Possession based solely upon the Order of Possession was proper in the present case.

Lessee next argues that the trial court failed to acquire in personam jurisdiction over the Lessee because of insufficient service of process. At the July 25, 1988, pretrial status conference, the Lessee raised this issue before the trial court. At that time the court determined that process was properly served. In view of the record in this case, the Lessor complied with the legal requirements of service as set forth in F.S.A. § 83.20(2). Consequently, service by the Lessee was proper, sufficient, and without defect, and the Court had in personam jurisdiction over the Lessee.

Lessee's fourth point on appeal concerns the real party in interest and requires remand. Lessor alleges in its Complaint that it owns the subject real property. Lessee was unable to answer this allegation for want of knowledge. Subsequently, a Stipulation and Order dated May 22, 1989, stated that Lessor, 2700 West Oakland Corp., not being the owner of the real property in which the Lessee's leasehold estate was situate, was not the real party in interest and that Park Row Plaza Associates, Ltd., a Florida Limited Partnership, hereinafter referred as to PARK ROW, is the sole real party in interest. No Motion to joint PARK ROW, has been made, there is no service of this action on PARK ROW, and no appearance has been made on behalf of PARK ROW. Consequently, this Court has no jurisdiction over PARK ROW which would bind PARK ROW to the terms of the Stipulation and Order.

In light of the Stipulation and Order, the allegation in paragraph 2 of Lessor's Complaint that Lessor owns the real property is not an accurate statement. Although the COmplaint incorporates a Lease agreement between Lessor and Lessee, Lessor fails to fully and accurately allege Lessor's ownership rights or any other rights for which it is entitled to institute this action. Despite the existence of the lease, which appears to give the Lessor rights to possession, the lower court must determine the Lessor's rights to institute this proceeding. Until

**223**

such determination, the record does not warrant that the Writ of Possession be vacated.

Lessee argues in its final point on appeal that the trial court's actions grew out of bare notice of hearing for an authorized pretrial status conference. Adequate advance notice of the pretrial status conference was given to the Lessee. Although the notice did not reflect what was to be addressed at the conference, Florida Civil Rule 1.200(b) sets forth the matters to be considered at a pretrial conference. Furthermore, the July 25, 1988 conference was the second pretrial conference held in this matter, and Lessee was not ignorant of the procedure practiced by the trial court. In accordance with Florida Rule of Civil Procedure 1.200(b), the trial court in this case properly conducted a pretrial status conference inasmuch as the case was at issue. There is no abuse of discretion by the trial court in entering the Order of Possession at the pretrial status conference. Therefore,

IT IS ORDERED AND ADJUDGED that this cause be remanded to the trial court to determine 2700 WEST OAKLAND CORP.'S rights to institute this proceeding.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida on this 24th day of January, 1990.