763 So.2d 1245 (2000)
Fred DICKINSON and the Florida Department of Highway Safety and Motor Vehicles, Appellants,
v.
FLORIDA NATIONAL ORGANIZATION FOR WOMEN, INC., et al., Appellees.
No. 4D00-358.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
Rehearing Denied August 2, 2000.
*1246 Rick Polston of Polston, Dean & Healy, P.A., Tallahassee, for appellants.
Barry M. Silver of Barry M. Silver, P.A., Boca Raton, for appellees.
WARNER, C.J.
The Department of Motor Vehicles appeals the trial court's denial of its motion to change venue of the underlying cause of action to Leon County. Because we conclude that the appellees have failed to prove any exception to or waiver from the common law rule requiring that civil actions brought against a state agency lie in the county where the agency maintains its headquarters, see Carlile v. Game and Fresh Water Fish Comm'n, 354 So.2d 362 (Fla.1977), we reverse.
The appellees filed suit in Palm Beach County seeking a declaratory judgment that the legislative act authorizing the "Choose Life" specialty license plate is unconstitutional and seeking a temporary and permanent injunction preventing the Department from manufacturing or issuing the plates. The allegations of the complaint do not allege that the act authorizes the Department to take any affirmative action in Palm Beach County or that the Department has taken or intends to take any such affirmative action in Palm Beach. The sole basis alleged in the complaint for the plaintiffs' venue choice of Palm Beach County is the plaintiffs' residence in that county.
The Department filed a motion to transfer venue to Leon County where its headquarters are located. The motion was supported with appropriate affidavits. In response, the appellees argued first that the "sword wielder" exception to the common law venue privilege applied to their case, because the Department was committing a constitutional violation, and it would be inconvenient and costly for the plaintiffs to bring suit in Leon County. In addition, they claimed that the Department had waived its privilege by removing "this" *1247 case to federal court in Jacksonville, not Leon County. Finally, they alleged undue delay in moving for a change of venue. We conclude that none of these arguments overcome the common law venue privilege.
Pursuant to section 47.011, Florida Statutes (1999), actions shall only be brought in the county where the defendant resides. In the case of state agencies, the county of "residence" is where the agency's headquarters are located. See Carlile, 354 So.2d at 363-64. An exception to this home venue privilege is found in the "sword wielder" doctrine, explained in Carlile:
The so called "sword-wielder" doctrine applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent....
. . . .
This exception to the common law privilege of venue is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved.

354 So.2d at 365 (emphasis added)(citing Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (1948))(other citations omitted).
In Smith, the court drew a distinction between cases in which a judicial declaration is sought "where no unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where suit is instituted" and a case "in which the primary purpose of the litigation is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted...." 35 So.2d at 847. In the first instance, the agency will be entitled to invoke its venue privilege; in the second, the sword wielder exception applies. See id. at 846-47.
The complaint filed in this case constitutes a challenge to the "Choose Life" license plate act itself, rather than a focus on the effect of the law on the rights of the individual plaintiffs. The complaint alleges the general adverse affect that the law will have, rather than identifying any specific harm that the individual plaintiffs will suffer different from the citizenry at large. It does not allege the violation of a personal constitutional right of appellees which has been or will be committed by the department in Palm Beach County.
We conclude that where the official action being challenged is uniform and statewide, and does not involve an invasion of personal rights of the plaintiff, as in the case here, the sword wielder exception would not apply to excuse compliance with the home venue rule. In New England Int'l Sur., Inc. v. State of Fla. Dep't of Ins., 511 So.2d 731, 733 (Fla. 4th DCA 1987), we concluded that an insurer could not maintain its action for injunctive and declaratory relief in Palm Beach County against the Department of Insurance, since the suit was not brought to protect "some specific property or other constitutional right situated in Palm Beach County..." (emphasis added). Cf. Game and Fresh Water Fish Comm'n v. Williams, 158 Fla. 369, 28 So.2d 431 (1946)(wholesaler who sold fish caught in Lake Okeechobee to buyers in Dade County could not maintain suit in Dade to challenge regulations restricting fishing on the lake). The same analysis applies to the instant case.
Further, there was no showing in the record at trial that the Department had taken or planned to take any affirmative *1248 action within Palm Beach County with regard to the law. The only matter proved by the appellees was the potential sale of license plates in Palm Beach County and the potential distribution of tag proceeds to groups within the county. However, these are the same acts which will be occurring at the same time in every county in Florida. This fact distinguishes the instant case from State, Dep't of Labor & Employment Sec. v. Lindquist, 698 So.2d 299 (Fla. 2d DCA), rev. denied, 705 So.2d 8 (Fla.1997), upon which appellees rely. In that case, fishermen in Lee County challenged the agency's determinations that they were not entitled to full compensation under the net buy-back program which was designed to compensate fishermen for the loss of nets that had become illegal under a new marine net-fishing ban. The court found an infringement on their constitutionally protected property rights in their nets and further concluded that sufficient affirmative action occurred in Lee County by way of the Department's activities to take physical possession of the nets. See id. at 302-05. No such direct constitutional deprivation by the Department's own affirmative acts is alleged in Palm Beach County. Where the state agency's actions are statewide in scope, in the absence of any showing of particularized harm to the plaintiffs that will occur within the county itself separate and apart from the generalized harm suffered by all citizens by the operation or enforcement of an allegedly unconstitutional law, the home venue privilege applies. The policy of orderly and uniform handling of state litigation and the prevention of conflicting rulings from different jurisdictions requires that the litigation be brought at the state agency headquarters. See Carlile, 354 So.2d at 364; Smith, 35 So.2d at 847. Given the lack of affirmative and specific government action in Palm Beach County, the sword wielder exception does not apply.
With respect to the second argument that the Department waived its privilege by removing "this" case to federal court in the Middle District of Florida, the facts do not support a waiver. As pointed out by the Department, it did not remove this case, but instead sought to remove a prior case between the parties involving only a free speech challenge. It had filed for removal to the court in Jacksonville instead of Tallahassee only because there was a case already pending in that court involving the same issue. The earlier case was voluntarily dismissed by these same appellees on December 7, 1999, the same date the complaint was filed in this action. The day after the Department was served with notice of this complaint it filed the motion for change of venue.
No cases similar to the instant case could be found. The only case cited by appellees, Star Employment Serv., Inc. v. Florida Indus. Comm'n, 122 So.2d 174 (Fla.1960), determined that the Commission had waived venue in Leon county by initiating proceedings in Dade County and failing to object to the third district's entertainment of a petition for certiorari review. However, the waiver argument in that case was by the affirmative acts of the Department in the same case. Because the Department did not seek to remove the instant case, and instead asserted its venue privilege, we conclude that waiver cannot serve as an exception to the home venue rule.
Finally, there was no substantial delay in these proceedings, as the motion was made the day after the Department was served. With respect to the arguments as to the inconvenience and cost to the plaintiffs were venue to be changed, these do not warrant an exception to the rule. See, e.g., State, Dep't of Corrections v. Edwards, 410 So.2d 959 (Fla. 1st DCA 1982)(recognizing that while public policy considerations and convenience of parties and witnesses ordinarily would support venue elsewhere, the home venue privilege required the case to be heard in Leon County).
*1249 Concluding that no exception to the home venue privilege has been shown, we reverse and remand with directions to transfer the cause to Leon County.
KLEIN and TAYLOR, JJ., concur.