MONACO, J.
Appellants, Fred R. Catchpole, Mark R. Faure, and Worldwide Appraisal Services, Inc. (“Worldwide”), appeal an order denying their motion for preliminary injunction and granting the motion of the Appellee, Department of Business and Professional Regulation, Division of Real Estate, to dismiss the complaint. We affirm.
Worldwide is a real estate appraisal corporation, the principal of which is Mr. Catchpole. Worldwide has offices in both Duval County and Volusia County, Florida. Mr. Catchpole is licensed by the State of Florida as a real estate appraiser. Mr. Faure is a registered assistant appraiser who works for Worldwide. Mr. Catchpole has been supervising registered assistant appraisers for more than eleven (11) years, and is currently supervising Mr. Faure.
This controversy stems from the recent adoption by the Department of Rules 61J1-4.010 and 61J1-4.009, Florida Administrative Code, pursuant to its rule-making authority. Rule 61J1-4.010, which regulates the supervision of registered trainee appraisers, requires all registered trainee appraisers to be supervised directly by a supervising appraiser who must be state licensed or certified, and limits to four the number of registered trainees one supervising appraiser may supervise. The rule also geographically limits the supervision of registered trainees to the county where the supervising appraiser’s office is registered with the Department, and any county contiguous to the county where the office is registered. Rule 61J1-4.009, among other things, regulates continuing education for registered trainee appraisers by requiring that they take post-licensing courses and pass a continuing education course exam.
In their complaint the appellants sought temporary and permanent injunctive relief in the circuit court to prohibit the Department from enforcing Rules 61J1-4.010 and 61J1-4.009 against them. In addition, they sought damages for the purported loss of business that Worldwide sustained or would sustain as a result of the enforcement of these regulations. The Department moved to dismiss the complaint on a number of grounds, including that venue was properly laid in Orange County, where the Department is headquartered, not Vo-lusia County where Worldwide is located and the individual appellants reside. The appellants responded that Volusia County was the proper venue for this controversy because of the “sword-wielder” doctrine.
The trial court conducted an evidentiary hearing to consider both the entry of a temporary injunction, and the Department’s motion to dismiss. At the conclusion of the hearing the trial court denied the motion for temporary injunction, dismissed the complaint, and held that the sword-wielder exception did not apply to this matter. We think the trial judge is entirely correct in his analysis in all aspects, even though we address only two.
*971 Without detailing the testimony and other evidence brought before the trial court, we note with respect to the request for a temporary injunction that the appellants failed to establish either that they will suffer irreparable harm, or that they have no adequate remedy at law, or that a temporary injunction would serve the public interest. All of these are elements that must be established by a moving party in order to obtain a temporary injunction. See Cole v. City of Deltona, 890 So.2d 480, 482 (Fla. 5th DCA 2004); Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495, 497 (Fla. 5th DCA 2004); Yardley v. Albu, 826 So.2d 467 (Fla. 5th DCA 2002).
More importantly, because the appellants may later seek to amend their complaint, we agree with the trial court that the proper venue for this case is Orange County, and not Volusia County. Actions are generally to be brought in the county where the defendant resides. See § 47.011, Fla. Stat. (2004). An action against an agency of government is ordinarily to be brought in the county where the agency maintains its principal headquarters. See Fish & Wildlife Conservation Comm. v. Wilkinson, 799 So.2d 258, 260 (Fla. 2d DCA 2001). The headquarters of the Department is in Orange County. Hence, it should generally be sued in that venue.
The sword-wielder doctrine is an exception to the home venue privilege. Under this doctrine a plaintiff may sue an agency in a county other than that which houses the principal office if the official action that underpins the basis of the complaint occurs within the selected county, or there is an imminent threat of such action. See Wilkinson, 799 So.2d at 261. A suit seeking to take advantage of the sword-wielder exception can be filed outside the agency’s home venue only if the primary purpose of the suit is to procure direct judicial protection from a purported unlawful invasion of the constitutional rights of a person within the county where the suit is commenced, and only if “the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved.” See Carlile v. Game and Fresh Water Fish Comm’n, 354 So.2d 362, 365 (Fla.1977); Dickinson v. Florida Nat’l Org. For Women, Inc., 763 So.2d 1245 (Fla. 4th DCA 2000).
There is a further permutation of these precepts governing the sword-wielder exception that is decisive in the present case. Where the agency action being challenged is “uniform and statewide, and does not involve an invasion of the personal rights of the plaintiff,” the exception does not apply, and compliance with the home venue rule is required. See Dickinson, 763 So.2d at 1247. Here, the appellants have failed to demonstrate a particularized harm that would occur to them in Volusia County, as opposed to harm suffered at large. The rules and statutes being questioned are statewide in scope. That is to say, supervising appraisers and trainees all over the state are governed by the very same rules and requirements being challenged here. The Department has taken no affirmative acts in Volusia County for enforcement of the subject rules against any of the appellants. Indeed, it appears that the appellants are in compliance with the rules at the present time. They just do not like them and wish to attack them. While that is certainly their privilege, they must do so in the home venue of the Department.
AFFIRMED.
SHARP, W. and THOMPSON, JJ., concur.