STATE, *ex rel.* J. B. PATTERSON, v. J. M. LEE, as Comptroller

164 So. 188.
Opinion Filed November 9, 1935.

H. ·H. *Wells, B. K. Roberts* and *William K. Whitfield,*
all of Tallahassee, and *J. F. Gordon,* of Miami, for Relator;
*Cary D. Landis,* Attorney General, and *Ira Hutchison,*
Assistant, for Respondent.

PER CURIAM.—Alternative writ of mandamus was issued
herein to the Honorable J. M. Lee as Comptroller of the
State of Florida, commanding him as follows:

"These Are, Therefore, to Command You, J. M. Lee, as Comptroller of the State of Florida, without undue delay, to issue such permit or permits as is necessary for the installation and operation of Relator's Automatic Vendors; and that you prepare, approve, sign and/or countersign all papers and documents necessary for the issuance of such permit or permits, and that you, J. M. Lee, as Comptroller of the State of Florida, do transmit such permit or permits, after the issuance thereof, to the Tax Collector of Leon County, Florida, in order that the license tax imposed by law may be paid; or that in default of compliance herewith, you appear before this Court on the 12th day of November, A. D. 1935, and then and there show cause, if any you can, for your failure or refusal so to do.

"Witness the Honorable James B. Whitfield, Chief Justice of the Supreme Court of Florida, at Tallahassee, Florida, this 1st day of November, A. D. 1935."

The alternative writ of mandamus as before us contains the following allegations:

"Relator would further show unto the Honorable Court that the temporary injunction issued by the Honorable H. F. Atkinson, as Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, in the cause aforesaid, is null, void and of no effect for the following reasons:

"1. The said Court did not have jurisdiction over the Respondent, J. M. Lee, as Comptroller of the State of Florida, or individually, because the said J. M. Lee did not appear in said suit, did not submit himself to the jurisdiction of said Court directly or indirectly and was not served with the process of said Court;

"2. The official residence of the defendant, J. M. Lee, as Comptroller of the State of Florida, being at Talla-

hassee, Florida, the said Comptroller is not amenable to the jurisdiction of the Circuit Court of the Eleventh Judicial Circuit of Florida in the absence of his being served with process of said Court, or in the absence of his voluntarily submitting himself to the jurisdiction thereof, neither of which grounds of jurisdiction occurred to give the said Circuit Court jurisdiction over the Comptroller to justify the temporary injunction aforesaid.

"3. That said J. M. Lee filed no appearance, plea or answer, or other pleading in said suit.

"4. The said order purporting to be a temporary restraining order was an attempt on the part of the said Circuit Court to adjudge and decree House Bill No. 1131, being an Act licensing certain types of coin-operated devices, known as the Slot Machine Act, invalid as in violation of the Constitution of the State of Florida, notwithstanding the fact that prior to the issuance and entry of said temporary restraining order the Supreme Court of Florida in the case of J. M. Lee, as Comptroller of the State of Florida, *et al.,* v. The City of Miami, a municipal corporation, opinion rendered September 27, 1935, same being the June Term of the said Honorable Supreme Court, had adjudged and decreed that the said Act was not in violation of the Constitution of the State of Florida, and was a valid and enforceable law of the State of Florida in and by virtue of which decision it became the duty of the said J. M. Lee, as Comptroller of the State of Florida to observe and abide by the terms, conditions and requirements of said Act;

"5. The said temporary restraining order was an unlawful and unjustified encroachment upon the jurisdiction of the Supreme Court of the State of Florida."

On September 27th, 1935, in the suit of J. M. Lee, as Comptroller, *et al.,* appellants, v. City of Miami, *et al.,* Appellees, this Court held Chapter 17257, Acts of 1935, to be a constitutional and valid enactment and therein reversed the order of the Circuit Judge of the Second Judicial Circuit of Florida awarding an injunction restraining J. M. Lee, as Comptroller, and other parties to that suit from enforcing, administering or attempting to enforce powers or duties vested in them under House Bill No. 1131, Chapter 17257, Acts of 1935.

. Holding the Act valid, the necessary implication followed that it was the duty of the Comptroller to comply with the Act.

., The return of the Comptroller to the alternative writ is as follows:

., "Now comes the Respondent, J. M. Lee, as Comptroller of the State of Florida, and for a return to the alternative writ issued herein says that he is willing to and would comply with the commands therein but for the fact that he is enjoined by the Circuit Court in and for Dade County, Florida, from so doing. A copy of the injunction of said Circuit Court is hereto attached, marked Exhibit 'A' and by reference thereto made a part of this return.

. "WHEREFORE, the Respondent prays the judgment of this Court as to whether he should be required to obey the commands of the alternative writ, the injunction of the said Circuit Court notwithstanding."

The injunction order referred to in the Comptroller's return is as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that J. M. Lee, Comptroller of the State of Florida, Leonard Thompson, Tax Collector of Dade County, Florida, and W. F. Blanton as County Judge in and for Dade County, Florida, and

each of them, their agents, representatives and employees, be and they are hereby enjoined and restrained from enforcing and administering, placing in effect or proceeding with any of the powers, duties or privileges acquired by any or either of them under the law known as House Bill No. 1131, the title to which is as follows: 'An Act to license certain types of coin-operated devices; to regulate the operation thereof; to designate the penalties for the violation of the provisions of this Act; to define certain types of coin-operated devices; providing for the division and distribution of the revenue derived therefrom and other matters properly relating thereto; and to provide for holding recall elections in any County to determine whether licenses shall be revoked or continued therein,' pending the further order of the Court.

"THUS DONE AND ORDERED this 25th day of October, A. D. 1935, at Miami, Florida."

It will be observed that the return of the Comptroller does not challenge the allegations of fact alleged in the alternative writ and, therefore, those allegations of fact as to the jurisdiction of the Circuit Court of Dade County over the Comptroller will be taken as admitted.

The Attorney General and attorneys for the petitioner have appeared before the Chief Justice and other members of the Court and announced that all briefs have been filed which are to be filed in this cause and the Attorney General has in person stated that the delay in the administration of Chapter 17257, Acts of 1935, by the Comptroller is causing great confusion throughout the State and that because it is for the best interest of the State that all question as to the Comptroller's authority to administer the law as contained in the Act above referred to should be finally determined at the earliest possible date, he will not consent to

the intervening of attorneys *amici curiae* and stated in his place as the chief legal officer of the State of Florida that it is the desire of his office for this case to be disposed of with all convenient speed.

We have, therefore, taken the case up for disposition.

The opinion and judgment of this Court in the case of Lee, *et al.,* v. City of Miami, *supra,* sets at rest the validity of the statute and the authority of the Comptroller to administer the law as therein provided.

In the opinion and judgment of this Court in the case of Lee, *et al.,* v. City of Miami, *et al., supra,* it was pointed out that the operation of a slot machine might be so conducted as to constitute a lottery. This left the question open so that a Circuit Court might, upon proper showing, enjoin the operation of any particular machine that is shown to be operated in such manner as to constitute the conducting of a lottery. But, it did not leave the question open for a Circuit Court not having jurisdiction of the Comptroller of Florida to determine that the administration of the law was beyond the power and authority of the Comptroller.

In the case of State, *ex rel.* Gillespie, *et al.,* v. County of Bay, *et al.,* 112 Fla. 687, 151 Sou. 10, we said:

"This leads to the question as to whether the injunction granted by the Circuit Judge in another suit, in which suit no bondholder was a party, can prevent the enforcement of a peremptory writ of mandamus, if one should be issued herein commanding the county officers to levy the taxes that they have been enjoined by the circuit court from levying.

"When in a suit or action affecting the duties of public officers, a statute is held to be unconstitutional by the highest Court of the State on the ground that the statute was

not duly enacted, but the statute is subsequently adjudicated by the same court to have been duly enacted and constitutional, the statute is to be regarded as being constitutional from the date it became a law under Sections 18 and 28, Article III of the Constitution. See Christopher v. Mungen, 61 Fla. 513, 55 So. 273, 12 C. J. 801.

"When a legislative enactment involving official duties is held by the circuit court to be invalid because not legally enacted, and the same Act is afterwards in another suit held by the Supreme Court to have been legally enacted and valid, 'the Act is valid from its enactment, and the judgment of invalidity of the Act by the Circuit Court is inoperative against a mandate of the Supreme Court in the later case operating on the same parties with reference to the performance of their official duties under the statute. The suit in the circuit court was by a taxpayer to enjoin the officers from levying a tax to pay the bonds. This action is by bondholders to require the officers to levy the tax."

To tax is to legalize and, the Supreme Court having held Chapter 17257, Acts of 1935, valid and constitutional, it follows that it is the duty of the Comptroller to administer the provisions of the Act insofar as slot machines described in that Act are concerned or are involved, unless restrained by an order of a court of competent jurisdiction having jurisdiction of the Comptroller, although it may later be found that in the operation of some of such machines a lottery is being conducted, or that such machines are being operated in violation of law, which would warrant injunction being entered by a circuit court restraining such operation, as well as in other cases where it may be found and shown that the operation of one or more of those machines which have been licensed constitute a nuisance because of their location and manner of operation. But, in such

cases the injunction must be applied to the particular machines and parties operating them and not to the Comptroller in the general administration of that which has been held to be a valid law of the State of Florida.

The Comptroller performs his official duties in the administration of laws which he is required to administer in his office at the State Capitol in Tallahassee, Florida, and, therefore, a suit instituted to control or coerce the action of the Comptroller in the performance of official administrative duties that are required to be performed at the Comptroller's office in the capitol must be instituted either in the Circuit Court of Leon County, Second Judicial Circuit of Florida, or in the Supreme Court of Florida.

In the case of State of Florida, et al., v. Parks, et al., 94 Fla. 91, 113 Sou. 762, it was held:

"One of the elements of the subject matter of the mandamus suit is the performance of an official public duty by the State Board of Law Examiners with respect to the application of Harold N. Baker to be examined for admission to the Bar. The statute, Chapter 10175, Acts of 1925, not only authorizes the State Board of Law Examiners to perform certain official duties generally, one of which is the alleged duty sought by the petitioner in the mandamus suit, but the meeting place for the official meetings of said Board is also specifically prescribed by the statute. Its official acts of the character here in question are specifically required to be performed and not elsewhere. The duties of said Board, therefore, contemplate not only the performance of certain public and official acts, but the performance of those acts at a prescribed place. For this reason, amongst others, the place of the performance of that duty involves more than a matter of venue. It enters into and is an element of the duty itself, so that the subject

matter of the mandamus suit is not merely the performance by said Board of a public duty generally, but the performance of that duty at a place designated by the statute. An action by mandamus against the Board to coerce the performance of those duties is, therefore, not transitory, as was the case in King v. Kentucky Board of Pharmacy, 162 S. W. 561, where no place was fixed by law for the meetings of that Board or for the performance of its official duties.

"By Sections 6 and 7 of Chapter 10175, Acts of 1925, it is required that regular meetings of said State Board of Law Examiners shall be held at the Capitol in Tallahassee, and all applications for admission to practice shall 'be considered and acted upon' by the Board at the next regular meeting. The material command of the writ of mandamus is for the Board to receive and act upon such an application. The place fixed by law for the performance of the acts sought by the writ of mandamus, and the only place where some if not all of those acts could be lawfully performed is at Tallahassee, Leon County, which is beyond the territorial jurisdiction of the Thirteenth Circuit. The situation here presented is analogous to a mandamus brought in the Thirteenth Circuit against the Board of State Canvassers of Elections, which is required by law to meet at the office of the Secretary of State in Tallahassee, to require said Board to canvass the returns of an election and declare the relator elected to a public office. It would scarcely be contended that the Circuit Court of the Thirteenth Circuit possesses jurisdiction of the subject matter of such a controversy, even though one of the members of said Canvassing Board maintained his personal residence in Hillsborough County and could be served with process there.'"

That suits instituted in the circuit courts to control or coerce the Comptroller in the exercise of his administrative duties which are to be performed at the Capitol of the State must be limited to the circuit court in and for Leon County in the Second Judicial Circuit of Florida is necessary; otherwise numerous suits could be instituted throughout the State of Florida in different circuits involving the same questions and different results and judgments conflicting in operation could be had against him at one and the same time in the several different judicial circuits of the State. This would bring about the possibility of such confusion as to make it impossible for the Comptroller to obey the mandate of one circuit court without violating that of another and would place him in position where it would be impractical to perform his official duties without appearing to be in contempt of the orders of one or more circuit courts.

For the reasons stated, the peremptory writ will be awarded.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.