STATE OF FLORIDA ex rel. GABE F. AYALA v. W. V. KNOTT, as State Treasurer and Insurance Commissioner of the State of Florida.

3 So. (2nd) 522

En Banc

Opinion Filed August 1, 1941

*Mabry, Reaves, Carlton & White,* for Plaintiff in Error;

*J. Tom Watson,* Attorney General, and *Thomas V. Kiernan,* for Defendant in Error.

BUFORD, J.—The respondent insurance commissioner gave notice to relator, an insurance agent, that pursuant to Section 6 of Chapter 13,663, Acts of 1929, as amended by Section 5 of Chapter 14741, Acts of 1931, he would on a day certain conduct a hearing in Tampa, Florida, for the purpose of determining whether the license or certificate of the relator to do business as such insurance agent should be cancelled.

The relator applied to the circuit court for an alternative writ of prohibition, which was issued and directed to the respondent as insurance commissioner, challenging the sufficiency of the charges filed against relator and the authority of the insurance commissioner to proceed under provisions of the statute, *supra,* to determine whether or not the license or certificate of the relator to do business as an insurance agent should be cancelled.

A demurrer and motion to strike the alternative writ of prohibition, challenging the jurisdiction of the circuit court of Hillsborough County to hear and determine the prohibition proceedings, was sustained and the cause was dismissed.

Writ of error was prosecuted to that judgment.

The command of the alternative writ is that, "the said W. V. Knott, as State Treasurer and Insurance Commissioner of the State of Florida, your deputies, agents and representatives, to refrain from holding or

attempting to hold said hearing and from canceling or revoking or attempting to cancel or revoke the license heretofore issued by you to the said Gabe F. Ayala, until the further order of this court, and do further command you to be and appear in this court on the 6th day of November, 1940, and then and there show cause why you should not be perpetually prohibited from holding or attempting to hold a hearing under said notice, and from canceling or revoking or attempting to cancel or revoke the license issued by you to the said Gabe F. Ayala; and have you then and there this writ."

The ninth ground of the demurrer is as follows:

"The court will take judicial notice of the fact that the respondent is a constitutional officer of the State of Florida, and that his official office is located in Tallahassee, Leon County, Florida. Only the Circuit Court of Leon County and the Supreme Court of Florida have jurisdiction to judicially control his official acts."

The seventh ground of the motion to strike in slightly different language presents the same challenge to the jurisdiction of the court.

On hearing, the circuit judge entered an order, *inter alia,* as follows:

"It is thereupon ordered, adjudged and decreed that the ninth ground of the demurrer and the seventh ground of the motion to quash be, and the same are hereby sustained, it being the opinion of the court that the court is without jurisdiction. No other grounds of said demurrer or motion to quash have been considered by the court.

"It is further Considered, Ordered and Adjudged that this action be, and the same is hereby dismissed

at the cost of relator without prejudice to the filing thereof in the proper court."

The question presented to the circuit court was not limited to a determination of the authority of the State Treasurer as Insurance Commissioner to hold a hearing in Hillsborough County concerning the charges made against the insurance agent; but the question sought to be determined was, Whether or not the State Treasurer as Insurance Commissioner of Florida was authorized to hold a hearing and to proceed to determine whether or not the license or certificate of relator to do business as an insurance agent should be cancelled under and by reason of the charges which had been preferred against the insurance agent, the basis of the contention being that the charges presented were insufficient to constitute a basis for the proposed action of the Insurance Commissioner.

It was the contention of the respondent, Insurance Commissioner, that inasmuch as under the provisions of Chapter 13663, Acts of 1929, as amended by Chapter 14741, Acts of 1931, the State Treasurer, a constitutional officer, was vested with the powers and charged with the duties of Insurance Commissioner of the State of Florida and as all of his official acts in the issuing of licenses to insurance agents and of cancelling, revoking or suspending the license of an insurance agent, are required to be done and performed in the office of the State Treasurer at Tallahassee, Florida, the Circuit Court of Hillsborough County, Florida, was without jurisdiction to prohibit the State Treasurer from performing those functions required of him by the statute, *supra,* in Tallahassee, Leon County, Florida.

The circuit court held with this contention, relying

apparently upon our opinion and judgment in the case of Mason Lumber Co. v. Lee, 126 Fla. 371, 171 Sou. 332, and like cases. In this the circuit court was without error.

If the question had been merely, "Whether or not the Insurance Commissioner was authorized to hold a hearing for the purpose of examining the insurance agent and such witnesses as might be called, and such documents as might be required, in Hillsborough County, a different conclusion might prevail, but the Circuit Court of Hillsborough County was without jurisdiction to prohibit the State Treasurer as *ex officio* Insurance Commissioner of Florida, from assuming to exercise the duties resting on him under the provisions of the statute *supra,* which were required to be performed by him in the office of the State Treasurer at Tallahassee, Florida.

The Circuit Court of Leon County, Florida, is the forum in which such matters must be presented and determined. See Mason Lumber Co., v. Lee, *supra.*

So it is, the judgment of the circuit court should be affirmed and it is so ordered.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, J. J., concur.

WHITFIELD, J., concurs specially.

ADAMS, J., agrees to judgment.

TERRELL, J., dissents.

WHITFIELD, J., concurring specially.—As the circuit court had no jurisdiction to prohibit the State Insurance Commissioner from performing some of the official acts sought to be prohibited, the circuit judge will not be held in error for dismissing the action.