TERRELL, Acting Chief Justice.
Appellee filed his bill of complaint against appellants to restrain them from selling certain lands in Dade County. Defendants moved to dismiss the bill on the ground that their official residence was Tallahassee in Leon County, Florida and claiming their right to be sued in said county, since no constitutional right of plaintiff was challenged and no attempt to seize his property was shown. The motion to dismiss was overruled and the sale was enjoined. This appeal was prosecuted from that decree.
The point for determination is whether or not the Trustees of the Internal Improvement Fund may claim the right to be sued in the county of their official residence, where their office is located and from which their business is transacted.
Appellee denies that the official residence of the Trustees of the Internal Improvement Fund is at Tallahassee in Leon County because he says that said Board was created by act of the legislature which did not designate their official residence, that they have never designated Tallahassee or any other place as their official residence, and being so, they are not in position to claim Leon County as the venue of any action brought against them.
 It is a matter of common knowledge that the Trustees of the Internal Improvement Fund are certain constitutional officers of the State whose offices the constitution requires to be at Tallahassee in Leon County. It is also matter of common knowledge that the office of said Trustees has been at Tallahassee since that Fund or Board was created more than 100 years ago, that all their business is transacted at Tallahassee and that it is proposed to sell the lands in question at Tallahassee. The Trustees of the Internal Improvement Fund has from time to time been the custodian of more than 20,000,000 acres of land which came to the state by virtue of the Swamp I.and Grant Act of 1850, 9 *656 Stat. S19. In addition to this the legislature has from time to time imposed many other important duties on it, all of which have been administered from the Tallahassee office where its clerical and engineering office is maintained.
It is accordingly our view that this case is controlled by State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So.2d 522; State ex rel. Patterson v. Lee, 121 Fla. 54, 164 So. 188; Gay v. Jacksonville Symphony Association, Fla., 53 So.2d 110; Smith v. Williams, 160 Fla. 580, 35 So.2d 844; Henderson v. Gay, Fla., 49 So.2d 325; Gay v. Ogilvie, Fla., 47 So.2d 525, and similar cases which hold that Trustees of the Internal Improvement Fund and other administrative officers of the state may invoke the right to be sued in the county of their residence, Leon County, Florida, there being no attempt to seize complainant’s property and no constitutional impediment raised.
Certiorari is granted, the judgment of the Circuit Court is quashed and the bill of complaint is dismissed.
It is so ordered.
SEBRI.NG, HOBSON and DREW, JJ„ concur.