PATTERSON, Associate Justice.
The appellee, Charles J. Bodner, secured an alternative writ of mandamus out of the Circuit Court of Dade County against the Florida Real Estate Commission. It was recited in the writ that the relator represented that he had complied with all applicable statutes and laws of the respondent Commission to entitle relator to be licensed and registered as a real estate broker under the provisions of Chapter 475, F.S.A., the Real Estate License Law, but that the respondent Commission had failed and refused to license and register the relator. The command of the writ was to register and license the relator forthwith and to issue to him a certificate of registration, or show cause for its refusal. The respondent interposed its motion to quash on the ground, among others, of improper venue, thus raising its privilege of being sued in these proceedings in the county of its official headquarters, which are located in Orange County. The motion to quash was denied and on issues raised by the Commission’s return, peremptory writ was ultimately issued from which this appeal is taken.
*291 The first question presented.to us-is the ma.tter of venue raised by the motion to quash the alternative writ. We are required to decide whether, in this action, the respondent Commission may invoke the privilege to be sued in Orange County where its executive offices are located. The Commission contends that this case is governed by the rule that where no constitutional right of plaintiff is challenged and no attempt to seize his property is shown, administrative officers and agencies may invoke the right to be sued in the county of their official residence. Appellee counters with the contention that, in the case of the respondent Commission, the legislature has not fixed or designated the location of its headquarters or executive offices and that not having such officially designated legal residence, the Commission may not claim the privilege asserted. .
The Florida Real Estate Commission was created by Ch. 11336, Laws of Florida 1925, now Chapter 475, F.S.A. § 475.07 provides: “Executive offices shall be established and maintained at a place designated by the commission, which designated place may be changed in the discretion of the commission.” No issue is made of the fact that the official headquarters of the Commission have long been established and maintained in Orange "County. It is clear from the quoted section that the legislature has provided that the Commission shall have and maintain a single official situs for the performance of its official duties. We think that once official headquarters have been established by the Commission by legislative direction, its location becomes the official residence and controls the question of venue, and it matters not that it is so established by delegation rather than directly by statute.
The command of the alternative writ is the registration of the relator, which by definition is the placing of relator’s name on the registration lists maintained by the Commission. Thus this action seeks to coerce the exercise by the Commission of an administrative duty to be performed in Orange County, and is not such -a case that charges the violation of ■a constitutional right in Dade County. Being of this view, we think this case is controlled by the rule contended for by the Commission, as last announced in McCarty v. Lichtenberg, Fla., 67 So.2d 655, and cases there cited.
Since this case must be reversed on the question of venue, we do not decide other questions presented. '
Reversed, with directions to quash peremptory writ of mandamus and dismiss the ■ cause.
. • TERRELL, Acting Chief Justice, and SEBRING and HOBSON, JJ., concur.