THOMAS, Justice.
Suit was instituted in the Circuit Court of St. Lucie County by East Coast Grocery Company against the Trustees of the Internal Improvement Fund and was dismissed by the chancellor on the sole ground that there was “want of proper venue.”
The parties have divergent views about the nature of the proceedings. The appellant insists, “the opinion of the Attorney’s [sic] General’s office and the Opinion of the Court below notwithstanding,” to quote from its brief, that the primary purpose was to try the title to certain property located in the county, while the secondary purpose was to enjoin the Trustees from selling an undetermined amount of appellant’s realty. On the other hand, the appellees contend that the suit was one for injunction in the guise of one to quiet title.
We turn to the complaint in an effort to determine just what sort of relief was sought. The appellant claimed ownership of Government Lot 6, Section 1, Township 35 South, Range 40 East excepting the south 211.4 feet and the east 525 feet of the north 415 feet. Title was deraigned from the United States Government through various mesne conveyances, including a tax deed, to East Coast Grocery Company. At least three other conveyances from individuals were said to constitute clouds upon appellant’s title.
So far as the appellees are concerned, the action which cast a cloud on appellant’s title was charged to have been a published notice that they would offer for sale in Tallahassee “for Objections Only” certain submerged lands within the projected boundaries of the section, township and range we have already given. This advertisement contended the appellant, amounted to a cloud on its title because sale in accordance with the notice would deprive it of its riparian rights.
The appellant averred that it registered with the Trustees an objection which was overruled with the stipulation that a deed the Trustees proposed to issue would be withheld for 30 days to give the objector an opportunity to sue if it desired.
Our analysis of the allegations of the complaint is quite brief but it should suffice as a background for the question we must decide. The appellant prayed for a decree declaring it the owner of the fee simple title of the land and enjoining the Trustees from attempting to sell any interest in the property.
In that part of the motion of the ap-pellees to dismiss, for lack of venue, the attention of the court was drawn to Secs. 253.12, et seq., and especially 253.14, and to Sec. 10 of Article XVI of the Constitution.*
Under the first cited section the title to certain submerged lands is vested in the Trustees of the Internal Improvement Fund and may be sold in accordance with the provisions of Sec. 253.13. In that law it *795 is required that notice be published in a newspaper of the county where the land is situated so that persons having objection may be heard. If no objection is offered the Trustees are authorized to consummate the sale; if objection is made and upon hearing it appears that the sale would interfere with the riparian rights of private owners, the lands must be withdrawn from sale.
We pause now to remark that the notice described in the complaint was the notice contemplated by this section and that according to the complaint the objection of the appellant was overruled so it may be presumed that the Trustees decided that there would be no interference with the riparian rights of the appellant, therefore, that there was no occasion to withhold the land from the market.
The last section cited to the court by the attorney general, Sec. 253.14, is of utmost importance to a decision of this case. It contains an express provision that nothing in Chapter 253, shall be taken to prevent an owner from bringing a suit to enjoin such a sale on the ground that he would be deprived of his riparian rights. It is provided in that statute, too, that the suit must be commenced within 30 days after an objection is overruled and that in case a suit is brought the Trustees shall decide whether to defend the suit or withdraw the property from sale.
It seems appropriate again to refer to the letter received by the appellant from the Land Agent of the Department of Agriculture stating that he intended to recommend the sale of the submerged land but that a deed conveying it would be held in abeyance for 30 days to give the objector an opportunity to sue.
Plainly, the Trustees were undertaking to sell submerged land which they thought they were authorized to convey, an objection was made and rejected, and the transaction was suspended for the statutory period so the appellant might institute his suit. The information was sent to the appellant’s attorney 4 October 1955 and six days later the complaint was filed. In the exercise of their discretion the Trustees decided to defend.
It is our view that in all these circumstances the very act that might becloud the title of appellant’s property has been delayed in accordance with the law and that under the law the rights of the appellant are adequately protected. The pivotal point to be determined in the litigation is whether or not the appellant will lose his riparian rights if the sale is completed. And that question will eventually be resolved by a decision whether or not an injunction should be issued against the Trustees. No deed has been executed constituting a cloud on appellant’s title, or affecting his riparian rights, and if the appellant ultimately prevails none will be executed.
Having this conviction, we judge the suit to be one that should be instituted in Leon County. By Sec. 10 of Article XVI of the Constitution the offices of the governor and the administrative officers of the executive department are required to be kept at the seat of government which is, of course, located in Leon County, and that is the place where a suit like this must be maintained as we have so often held. McCarty v. Lichtenberg, Fla., 67 So.2d 655.
Although the attorney for the appellant prefers to call this suit one to quiet title and adopt that designation as a premise for his protestation that his rights under Sec. 12 of the Declaration of Rights and Sec. 29 of Article XVI of the Constitution are being taken from him, we do not agree. We consider the suit principally one to secure a restraining order against the Trustees brought under a statute especially designed to protect an owner in its position. The appellant will suffer no loss, but merely inconvenience, by being required to litigate in the County of Leon instead of the County of St. Lucie and this is a bother he must undergo as a contribution to the or *796 derly, economical, expeditious disposition of the state’s business.
The decree is affirmed.
TERRELL, C. J., and ROBERTS and THORNAL, JJ., concur.

 Statutory references relate to Florida Statutes 1955 and F.S.A.