OVERSTREET, MURRAY W., Associate Judge.
In the lower Court, Appellants were defendants and Appellees were Plaintiffs. *748 The Plaintiffs filed an amended Complaint in the nature of a petition for declaratory decree and judgment, and alleged that they were citizens and residents of Brooksville, Hernando County, Florida, and patrons, or parents, of a child, or children enrolled in or regularly attending a public school in Brooksville. The Complaint shows that Ren Morris, as Beverage Director of the State of Florida, and the County Commissioners of Hernando County, Florida, granted a license to sell intoxicating liquors in Her-nando County to defendants C. Hale Daniel and Audrey M. Daniel, husband and wife, d/b/a Hale’s Sundries under Section 561.20 F.S.A., and Chapter 65-1125, Laws of Florida, which was a population act that applied to Hernando County.
Plaintiffs averred that Chapter 65-1125 was unconstitutional and void because it was in violation of Article III, Section 21 of the Constitution of Florida, F.S.A., that the liquor license issued to the Daniels was therefore void, and that the sale of liquors by the Daniels under said license was consequently illegal. By their prayer, the plaintiffs asked the Court to determine and adjudicate the constitutionality or unconstitutionality of Chapter 65-1125, and whether the Daniels were illegally selling intoxicating liquors and if so, that the Daniels be enjoined from further sale of same.
Motions to dismiss the amended complaint were filed by all defendants. In their motions, defendants Morris, as Beverage Director, and Oldham, as State Attorney, set forth the ground of improper venue, claiming that the Beverage Director has a right to be sued in Leon County where he resides. The grounds of the motions of the other defendants are not material here and will not be discussed. The lower Court denied the motions to dismiss and it is from said Order that certain of the defendants have taken this appeal.
In his findings the trial Court Judge stated that in their amended complaint the plaintiffs had alleged that the statute was a direct infringement of their personal rights, and that under the provisions of Section 120.30(1) F.S.A. they had a right to maintain their suit in Hernando County, the County in which they resided.
We cannot agree. Section 120.30 (1) provides the right to seek declaratory judgment as to the validity, meaning or application of any rule of a state agency. Here we are not dealing with a rule of a State agency but with the interpretation and construction of a statute which will affect a statutory duty and act of the Director of the State Beverage Department, whose official residence is in Leon County.
The law on this point is stated in 34 Florida Jurisprudence in Section 29 on Venue as follows:
“Where the purpose of a proceeding is to challenge a state officer in the exercise of his statutory duties to be performed by him at his official residence, the Court of a County other than the one in which his office is located is without jurisdiction in the matter, and where there is no attempt to seize the complainant’s property and no constitutional impediment is raised, an administrative officer of the state may invoke the right to be sued in the County of his residence.”
This statement is supported by State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So.2d 522; McCarty v. Lichtenberg, Fla., 67 So.2d 655; Gaulden v. Gay, Fla., 47 So.2d 580; Dowdy v. Lawton, Fla., 72 So.2d 50, and other cases.
Moreover, we have examined the amended complaint carefully and we do not find any allegation or showing of a direct infringement of the constitutional rights of plaintiffs. Consequently, plaintiffs have not brought themselves within the exception to the general rule on venue as it pertains to state agencies and officers such as where there has been or is threatened an invasion of plaintiffs’ constitutional or personal rights or an attempt to seize plaintiffs’ property.
*749 Accordingly, the order of the lower court is reversed, and the cause is remanded to the lower court with directions to vacate said order and to enter an order transferring the cause to the Circuit Court of Leon County, Florida.
LILES, Acting C. J., and PIERCE, J., concur.