## LAKE WORTH BOATING AND FISHING CLUB, Inc., et al
## v. CITY OF LAKE WORTH, et al.
### No. 69-2389.

Circuit Court, Palm Beach County.

July 24, 1969.

---

Wood, Cobb, Robinson & Letts, Palm Beach, for plaintiffs.

Earl Faircloth, Attorney General, for defendants.

Frates, Fay, Floyd & Pearson, Miami, for the intervenor.

JAMES R. KNOTT, Circuit Judge.

This litigation was initially instituted by a complaint in three counts. Count III was a petition for alternative writ of mandamus.

Counts I and II prayed for injunctive relief and a declaration that certain permits issued by the trustees of the internal improvement fund were null and void and of no effect, and a further declaration that the city of Lake Worth, a co-defendant, had no authority to lease or convey certain property, which is the subject matter of this cause.

It is alleged that the board of trustees of the internal improvement fund on September 23, 1953, sold and conveyed to a co-defendant, the city of Lake Worth, certain lands by deed which contained a public purpose restriction; that on September 3, 1968, the city of Lake Worth issued a fill permit to a private corporation for commercial purposes, thereby violating said restriction, and further violated the same by leasing part of the property for private uses not in keeping with the restriction. The complaint further avers the trustees issued a dredge and fill permit to develop the land in question for purposes not in keeping with the restriction.

The trustees filed a return and answer and, on July 23, 1969, a motion to dismiss. The city of Lake Worth also filed a return and answer to the alternative writ of mandamus and in addition, a motion to quash and dismiss. A motion was made by Gulf Stream Plaza, Inc., a Florida corporation, to intervene in the present proceeding.

At the appointed time for hearing before the court on June 30, 1969, pursuant to the alternative writ of mandamus, plaintiffs orally moved for a non-suit on the mandamus count, and on July 15, 1969, plaintiffs filed written notice of dismissal of that count with prejudice.

The trustees appeared specially to contest venue and subsequent to the plaintiffs' motion, the court requested counsel to submit briefs on venue and costs which might be taxable against plaintiffs incident to the issuance and subsequent dismissal of the alternative writ of mandamus. Defendants later, on July 18, 1969, advised the court that such costs would be waived.

The trustees claim the right to be sued in the county of their official residence, where their office is located and from which their business is transacted. The pleadings reveal no challenge to any constitutional rights of the plaintiffs, nor is there any allegation of an attempt to seize physically property owned by or titled in any of them.

In McCarty v. Lichtenberg, 67 So.2d 655, the Florida Supreme Court held as follows —

"It is a matter of common knowledge that the Trustees of the Internal Improvement Fund are certain constitutional officers of the State whose offices the constitution requires to be at Tallahassee in Leon County. It is also matter of common knowledge that the office of said Trustees has been at Tallahassee since that Fund or Board was created more than 100 years ago, that all their business is transacted at Tallahassee . . . The Trustees of the Internal Improvement Fund have from time to time been the custodian of more than 20,000,000 acres of land which came to the state by virtue of the Swamp Land Grant Act of 1850, 9 Stat. 519. In addition to this the legislature has from time to time imposed many other important duties on it, all of which have been administered from the Tallahassee office where its clerical and engineering office is maintained.

"It is accordingly our view that this case is controlled by State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So.2d 522; State ex rel. Paterson v. Lee, 121 Fla. 54, 164 So. 188; Gay v. Jacksonville Symphony Association, Fla., 53 So.2d 110; Smith v. Williams, 160 Fla. 580, 35 So.2d 844; Henderson v. Gay, Fla., 49 So.2d 325; Gay v. Ogilvie, Fla., 47 So.2d 525, and similar cases which hold that Trustees of the Internal Improvement Fund and other administrative officers of the state may invoke the right to be sued in the county of their residence, Leon County, Florida, there being no attempt to seize complainant's property and no constitutional impediment raised.

"Certiorari is granted, the judgment of the Circuit Court is quashed and the bill of complaint is dismissed."

See, also, Williams v. Ferrentino, 199 So.2d 504, and Morris v. Williams, 199 So.2d 747. In the latter case the Second District Court of Appeal quoted with approval from 34 Florida Jurisprudence, *Venue*, §29, as follows —

"Where the purpose of a proceeding is to challenge a state officer in the exercise of his statutory duties to be performed by him at his official residence, the court of a county other than the one in which his office is located is without jurisdiction in the matter, and where there is no attempt to seize the complainant's property and no constitutional impediment is raised, an administrative officer of the state may invoke the right to be sued in the county of his residence."

The court stated —

". . . We have examined the amended complaint carefully and we do not find any allegation or showing of a direct infringement of the constitutional rights of plaintiffs. Consequently, plaintiffs have not brought themselves within the exception to the general rule on venue as it pertains to state agencies and officers such as where there has been or is threatened an invasion of plaintiffs' constitutional or personal rights or an attempt to seize plaintiffs' property.

"Accordingly, the order of the lower court is reversed, and the cause is remanded to the lower court with directions to vacate said order and to enter an order transferring the cause to the Circuit Court of Leon County, Florida."

As observed by our Supreme Court in Williams v. City of Lake City, 62 So.2d 732 —

". . . The policy of this State has been to require that its State officials and the boards be sued in Leon County, the county of their official residence, unless such privilege is waived."

The contention is made that since there are other parties than the trustees in this litigation, the trustees may not assert venue as a defense to the action being tried in Palm Beach County. Whether the presence of the city of Lake Worth as defendant would affect the trustees' right to a change of venue (see Amelia Island Mosquito Control District v. Tyson, 150 So.2d 246) is rendered academic by the fact that counsel for the city of Lake Worth has waived any right or privilege it might have with respect to a change of venue.

The court finds the trustees to be entitled to a change of venue to Leon County. Under these circumstances the order of this court must be limited to the transfer provided by statute without ruling upon the legal sufficiency of the allegations of the complaint and the motion to intervene. Reed Construction Corporation v. State Road Department, 165 So.2d 816.

It is, upon consideration, ordered and adjudged that the proper venue of this cause is in the circuit court in and for Leon County, Florida, and that the clerk of this court is hereby authorized and directed to transfer the entire file herein to such court for further proceedings.