295 So.2d 314 (1974)
RINGLING BROS.-BARNUM & BAILEY COMBINED SHOWS, INC., a Foreign Corporation Authorized to Do Business in Florida, Appellant,
v.
STATE of Florida et al., Appellees.
No. U-340.
District Court of Appeal of Florida, First District.
May 14, 1974.
Rehearing Denied June 25, 1974.
*315 Thomas G. Pelham, of Brown & Smith, Tallahassee, for appellant.
Wilfred C. Varn, and Charles A. Francis, of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellees.
BOYER, Judge.
We have for resolution a problem involving venue. The many reported cases on the subject reveal that venue has been a vexatious source of controversy for many years. We have no thought that we might, by this opinion, resolve all venue issues for posterity. However, we do hope that we might forever lay to rest some of the issues relating to permissible venue for cases in which the State, its agencies, boards and other related entities are involved.
It is imperative that we first draw a clear line of demarcation between venue and jurisdiction. Courts as well as text writers have from time to time used the terms interchangeably, thereby adding to an already existing state of confusion. (See State v. Knott, 1941, 148 Fla. 43, 3 So.2d 522; Smith v. Williams, 1948, 160 Fla. 580, 35 So.2d 844; 34 Fla.Jur., Venue, § 29)
Venue refers to the geographical area, that is, the county or district, wherein a cause may be heard or tried. It concerns the privilege of being accountable to a court in a particular location. (Deeb, Incorporated v. Board of Public Instruction, Fla.App.2nd 1967, 196 So.2d 22; Bambrick v. Bambrick, Fla.App.2nd 1964, 165 So.2d 449; Stewart v. Carr, Fla.App. 2nd 1969, 218 So.2d 525) Venue is not the same as jurisdiction. (Copeland v. Copeland, S.C.Fla. 1951, 53 So.2d 637; Bambrick v. Bambrick, supra, Stewart v. Carr, supra; Gay v. Ogilvie, S.C.Fla. 1950, 47 So.2d 525; Henderson v. Gay, S.C.Fla. 1950, 49 So.2d 325; Star Employment Service v. Florida Industrial Com'n., S.C.Fla. 1960, 122 So.2d 174) The privilege of a defendant to be sued in a particular locality does not involve the question of jurisdiction. (Evans v. Evans, 141 Fla. 860, 194 So. 215) The question as to whether the State, its agencies, boards and other sub-entities may be sued at the seat of government or at the place of its official headquarters is a question of venue and is not one of jurisdiction over the subject matter of the litigation. (Gay v. Ogilvie, supra; Henderson v. Gay, supra; Star Employment Service v. Florida Industrial Com'n., supra)
In Gay v. Ogilvie, supra, the Supreme Court of Florida stated:
"It is settled in this jurisdiction that the question whether a state agency must be sued in the county where the seat of government is located or may be sued in another county is a question of venue and not of jurisdiction over the subject matter of the litigation. See Smith v. Williams, 160 Fla. 580, 35 So.2d 844. As is made plain by the foregoing case, there are two types or classes of cases where rules and regulations promulgated by state agencies  and let us now add, where official action taken by state agencies under existing statutes  may be brought into question in suits properly instituted for such purposes. The first is the type or class in which the primary purpose of the litigation is to obtain a judicial interpretation or declaration of a party's rights, duties or status under such rules and regulations or official action taken, where no unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. The second is the type or class in which the primary purpose is to obtain direct judicial *316 protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved." (47 So.2d at page 526)
Again, in Henderson v. Gay, supra, the Supreme Court said:
"We cannot agree with the chancellor that the place where actions are to be brought against the comptroller is a matter of jurisdiction; it is one of venue, as was positively held in Gay Comptroller, v. Ogilvie, Judge, Fla., 47 So.2d 525. So our comment will be restricted to the privilege of the comptroller in this particular litigation to defend the suit at the seat of government.
"In two recent opinions of this court the line of demarkation [sic] between those cases which must be brought in Leon County, if the comptroller insists upon it, and those which may be brought elsewhere has been defined. In Smith v. Williams, Circuit Judge, 160 Fla. 580, 35 So.2d 844, Mr. Justice Sebring, speaking for the court, pointed out that when the legislature has fixed the residence of a government agency, in that case the Florida Industrial Commission, a suit primarily affecting the construction of the rules or regulations of the agency must be brought in the county of its headquarters if the defendant claims that privilege, while suits for protection against the invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, the validity of such rules and regulations being only secondary, may be entertained in the county where the invasion is threatened or has occurred.
"This pronouncement was repeated and somewhat enlarged in Gay, Comptroller, v. Ogilvie, Judge, supra. Parenthetically, it should be noted that both this case and Smith v. Williams, supra, were original proceedings for prohibition, and the court concluded that prohibition would not lie, obviously because only venue was involved and not jurisdiction.

"Still later, in Gaulden v. Gay, Fla., 47 So.2d 580, 581, we approved a ruling of the chancellor that suits against the comptroller to test the legality of taxes could be maintained against him only in Leon County unless he waived the privilege or `"unless some attempt to seize and sell property * * * has been actually initiated in the county where the suit is brought."'" (49 So.2d at pages 326 and 327) (Emphasis added)
Jurisdiction is basically an expression of sovereign power; and a judgment or decree rendered without power and jurisdiction of the parties and subject matter is void. Florida's venue statutes do not confer territorial jurisdiction, but presupposes that the court has jurisdiction of the subject matter of the action as well as of the parties. Neither consent, acquiescence nor waiver can confer jurisdiction as the subject matter which is not within the power of the court to adjudicate. On the other hand venue may be changed by consent, acquiescence or waiver. Incorrect venue may be waived by the failure of a defendant to make a timely objection or by stipulation, agreement or consent. (See 34 Fla.Jur., Venue, § 3, and the many cases there cited.) A party having a venue privilege may waive same by commencing action in another locality. (Star Employment Service v. Florida Industrial Com'n, supra)
In the case sub judice, appellant, who was plaintiff below, filed a complaint seeking a declaration of the rights and responsibilities of the respective parties under a certain "indefinite loan" agreement whereby the appellant had lent to the John and *317 Mable Ringling Museum of Art various items of appellant's circus equipment. The appellee, State of Florida, Department of State, is a department of the executive branch of the state government, which department is headed by the Secretary of State and which has its official residence at the seat of government in Tallahassee in Leon County. Appellee, Board of Trustees of the John and Mable Ringling Museum of Art, is a board within the Department of State and its official residence is also at the seat of government. The John and Mable Ringling Museum of Art, which has possession of the circus equipment in question, is located in Sarasota County, Florida. The agreement involved in the controversy was concluded in Sarasota County and the Chairman of the Board of Trustees of the John and Mable Ringling Museum of Art has his office in Sarasota County. Demand for the return of the subject property which is involved in the above mentioned agreement was made upon said chairman in Sarasota County. The above recited facts are not in dispute, having been agreed upon by the parties in their briefs.
Based upon the foregoing state of facts the appellee filed in the Circuit Court of Leon County, where the case was pending, a motion for change of venue pursuant to Florida Statutes § 47.122, F.S.A. seeking to have the case transferred to Sarasota County, a more convenient forum; alleging that Sarasota County was a county in which the cause "might have been brought." That motion was granted, the Circuit Judge having found that Sarasota County was a more convenient forum and one in which the cause "might have been brought." Appellant took an interlocutory appeal to this Court alleging that the Circuit Court in and for Sarasota County is not a court in which the cause "might have been brought."
There is no question before us as to whether or not Sarasota County is in fact a more convenient forum. That issue was resolved by the trial judge after consideration of the evidence before him and has not been assigned as error nor raised as a point in this appeal.
Florida Statutes § 47.011, F.S.A., provides as follows:
"Where actions may be begun.  Actions shall be brought only in the county or justice of the peace district, called `district' in this chapter, if the court does not have jurisdiction throughout the county, where defendant resides, or where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents."
Florida Statutes § 47.122, F.S.A., provides:
"Change of venue; convenience of parties or witnesses or in the interest of justice.  For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." (Emphasis added)
Appellees, as defendants below, urged before the Circuit Court of Leon County, and now here, that although each is a state entity having residence in Leon County they have the prerogative of waiving their privilege of being sued in the county of their residence and that, but for the waivable privilege of being sued in Leon County the action "might have been brought" in Sarasota County where the cause of action accrued and where the property in litigation is located, and that therefore they have a right to, and did in fact, waive their governmental privilege to be sued in Leon County, thereby bringing Florida Statutes § 47.122, F.S.A., into play which permits the transfer of any civil action to any other county "in which it might have been brought."
Appellant, on the other hand, contended below and now here that the defendants, being state governmental entities having their residence in Leon County, can only *318 be sued in Leon County and that therefore Sarasota County is not a county in which the action might have been brought and that accordingly the Circuit Court erred in transferring the case for the convenience of the parties or witnesses or in the interest of justice pursuant to Florida Statutes, § 47.122, F.S.A.
As above recited, and now repeated for emphasis, there is no question before us as to whether in fact Sarasota County is a more convenient forum; therefore, lending the presumption of correctness to the findings of the lower court after hearing and considering the evidence, as we do and must, that point is deemed established.
Accordingly, the only issue to be resolved on this appeal is whether or not the Circuit Court in and for Sarasota County, Florida is a court in which this action "might have been brought." Putting it another way, and refining the issue even further, the issue is whether the state, its agencies and boards may be sued in any county other than the county of residence or headquarters.
In Florida Real Estate Com., etc. v. State of Florida ex rel. Bodner, S.C.Fla. 1954, 75 So.2d 290, the Supreme Court of Florida had occasion to determine the propriety of maintaining a suit against the Florida Real Estate Commission in a county other than that of its official headquarters, holding that the place of its official headquarters was its residence and therefore the proper venue, stating:
"* * * The respondent interposed its motion to quash on the ground, among others, of improper venue, thus raising its privilege of being sued in these proceedings in the county of its official headquarters, which are located in Orange County. * * *"
"* * * We think that once official headquarters have been established by the Commission by legislative direction, its location becomes the official residence and controls the question of venue, and it matters not that it is so established by delegation rather than directly by statute." (at pages 290 and 291)
However, the Court in that case twice referred to venue as a "privilege", not as being fixed and unvariable.
We have read and carefully considered every case cited in the briefs of the parties, including Smith v. Williams, supra; Gay v. Ogilvie, supra; Henderson v. Gay, supra; McCarty v. Lichtenberg, S.C.Fla. 1953, 67 So.2d 655; Dowdy et al. v. Lawton, et al., S.C.Fla. 1954, 72 So.2d 50; Florida Real Estate Commission, etc. v. State of Florida ex rel. Bodner, supra; East Coast Grocery Company v. Collins, S.C. Fla. 1957, 96 So.2d 793; Star Employment Service v. Florida Industrial Com'n., supra; Green v. Bob Lourie Films, Inc., Fla.App.3rd 1961, 133 So.2d 431; Amelia Island Mosquito Control Dist. v. Tyson, Fla.App.1st 1963, 150 So.2d 246; Morris v. Williams, Fla.App.2nd 1967, 199 So.2d 747; Sage v. Travelers Indemnity Company of Hartford, Fla.App.4th 1970, 239 So.2d 831; and Department of Revenue v. First Fed. Sav. & L. Ass'n., Fla.App.2nd 1971, 256 So.2d 524. The parties have also cited two United States Supreme Court cases, Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254; and Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945, which cases treat the federal statute from whence Florida Statutes § 47.122, F.S.A., came. However we do not find it necessary to resort to the federal decisions as our own Supreme Court has announced decisions which though factually distinguishable, nevertheless resolve the issue before us.
Appellant relies upon the many cases above cited holding that the state and its sub-entities should be sued at the seat of government or the official headquarters of the particular sub-entity; however, a careful reading of each of those cases reveals that every case, with the sole exception of East Coast Grocery Company v. Collins, supra, has so held unless the privilege is *319 waived. Although the writer of the last mentioned opinion did indeed recite that "a suit like this must be maintained [in Leon County]" (emphasis added) careful reading of that case too reveals that it is obvious that the writer meant that such suits must be maintained in Leon County unless that privilege is waived.
The rule is succinctly stated in 34 Fla.Jur., Venue, § 27 as follows:
"It is the policy of the state to require that its officials and boards be sued in the county of their official residence, unless this privilege is waived, as it may be. In general, then, actions against state boards and officers must be instituted in Leon County, where their official residence is established, at least where the officer or agency does not perform acts throughout the state. Under exceptional circumstances, a complainant may be entitled to sue a public official or board in a county other than that of his or its official residence. One recognized exception to the rule exists where an unlawful invasion of a lawful right secured to the plaintiff by the constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. Parties seeking relief from alleged threats to their personal and property rights by the operation of unconstitutional acts of an agency of the state may bring suit in the county where the alleged wrongs are threatened or are alleged to have been committed. But in the absence of waiver on the part of a state agency of its right, and in the absence of action bringing it within the exceptions to the rule, an action brought against a state agency in a county other than that of its official residence is subject to dismissal." (Emphasis added)
We would add to the above: "or instead of dismissal, the case may be transferred to the court in which venue properly lies in accordance with Chapter 47 Florida Statutes."
In Smith v. Williams, supra, the Supreme Court of Florida dichotomized the types of cases or classes of cases in which rules and regulations (and we would here add other actions) promulgated by state agencies may be brought into question, as follows:
"Broadly speaking, there are two types or classes of cases in which rules and regulations promulgated by state agencies may be brought into question in suits properly instituted for such purpose. The first is the type or class in which the primary purpose of the litigation is to obtain a judicial interpretation or declaration of a party's rights or duties under such rules and regulations, where no unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where suit is instituted. The second is the type or class in which the primary purpose of the litigation is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of rules and regulations alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the rules and regulations sought to be enforced comes into question only secondarily and as incidental to the main issue involved." (35 So.2d at pages 846 and 847)
That opinion also announced the reason for the policy of permitting the state and its agencies to be sued at the seat of government and the right to waive the privilege, stating:
"The court recognized the soundness of the policy that in order to promote orderly, efficient, and economical government, controversies involving the proper interpretation to be given rules and regulations promulgated by state agencies ought to be concentrated at the seat of *320 state government where such state agencies are located, where such rules and regulations are promulgated, and where such suits can be defended at a minimum expenditure of effort and public funds. Such concentration of litigation manifestly makes for uniformity of interpretation of rules and regulations promulgated by such state instrumentalities and prevents conflicting judicial rulings in different jurisdictions resulting in decrees binding only in the counties where rendered and serving only to protect parties to the suits from the operation only of unlawful acts shown to have been actually committed within such particular jurisdictions. To accomplish this salutary purpose the legislature has the undoubted power with respect to the first type or class of cases we have mentioned, that is to say, suits brought primarily for the purpose of securing interpretations of rules and regulations promulgated by state agencies, to designate the headquarters or such state agencies as the venue where such suits shall be laid. When the legislature has thus acted the venue for suits of such nature will be in the county directed by such legislative designation; the action of the legislature in this respect amounting to a legislative fixing of the residence of such governmental agency for the purpose of suit. If, after the venue has been thus fixed, a suit involving primarily the interpretation of rules or regulations of a state agency is instituted in a jurisdiction other than that designated by the legislature the state agency affected has full means for requiring such suit to be brought in the county of its headquarters by filing timely objections in the pending cause and claiming the privilege of being sued in the forum designated by the legislature; or the state agency may waive such privilege by contesting the merits, thereby submitting itself to the jurisdiction of the court in which the suit has been instituted. Through either procedure exercised in the manner indicated, the state agency has adequate authority to control the venue of actions brought primarily for the purpose of securing a construction of such rules and regulations, where the unlawful invasion of the fundamental rights of the plaintiff within the county of suit is not directly involved." (Emphasis added) (35 So.2d at pages 847 and 848)
In Dowdy et al. v. Lawton et al., supra, the Supreme Court of Florida stated:
"* * * Unless some exceptions to the rule are shown, a suit against such a state board should be instituted only in Leon County. * * *"
* * * * * *
"In Smith v. Williams, supra, this Court held that a state agency has absolute authority to control the venue of action brought primarily for the purpose of securing a construction of rules and regulations.
"In the case of Gay v. Jacksonville Symphony Ass'n., Fla., 53 So.2d 110, we held that a suit for declaratory decree against the Comptroller could not be brought in a County other than Leon, and there has been no active attempt on the part of the Comptroller to seize and sell property for the collection of any tax.
"No waiver on the part of the state agency or action by it has been shown to exist which would bring this case within any of the exceptions permitting the suit to be maintained in Pinellas County." (Emphasis added) (72 So.2d at pages 50 and 51)
The oft-cited case of McCarty v. Lichtenberg, supra, involved a situation wherein a complaint was filed against the Trustees of the Internal Improvement Fund in Dade County seeking to have them restrained from selling certain lands in that county. The Trustees moved to dismiss on the ground that their official residence was in Tallahassee, Leon County, Florida, and claimed their right to be sued in that county "since no constitutional right of plaintiff *321 was challenged and no attempt to seize his property was shown." The court stated the point as follows:
"The point for determination is whether or not the Trustees of the Internal Improvement Fund may claim the right to be sued in the county of their official residence, where their office is located and from which their business is transacted." (67 So.2d at page 655)
The Court, after reciting that the Trustees were required to have their office at Tallahassee in Leon County stated:
"It is accordingly our view that this case is controlled by State ex rel. Ayala v. Knott, 148 Fla. 43, 3 So.2d 522; State ex rel. Patterson v. Lee, 121 Fla. 541, 164 So. 188; Gay v. Jacksonville Symphony Association, Fla., 53 So.2d 110; Smith v. Williams, 160 Fla. 580, 35 So.2d 844; Henderson v. Gay, Fla., 49 So.2d 325; Gay v. Ogilvie, Fla., 47 So.2d 525, and similar cases which hold that Trustees of the Internal Improvement Fund and other administrative officers of the state may invoke the right to be sued in the county of their residence, Leon County, Florida, there being no attempt to seize complainant's property and no constitutional impediment raised." (Emphasis added) (at page 656)
The case most factually similar to the case sub judice is Star Employment Service v. Florida Industrial Com'n., supra. In that case the Florida Industrial Commission designated a deputy commissioner in Dade County to hear matters relative to the revocation of the license of Star Employment Service, a private employment agency. The deputy ordered the license granted and upon review, the full Commission reversed the deputy. Thereafter the employment agency filed a petition for writ of certiorari in the Third District Court of Appeal which sua sponte transferred the matter to the Supreme Court for consideration and determination. The Supreme Court, speaking through Mr. Justice Thornal, stated:
"In arriving at a conclusion on this aspect of the matter, we think that we are confronted more nearly with a matter of venue, than with a matter of jurisdiction. Gay v. Ogilvie, Fla., 47 So.2d 525. In Smith v. Williams, 160 Fla. 580, 35 So.2d 844, which was an original proceeding, we held that when the Legislature has fixed the headquarters location of a government agency, such as the Florida Industrial Commission, a suit which primarily involves the construction of the rules or regulations of the agency must be brought in the county of its headquarters if the agency claims that privilege. On the other hand, if the suit involves a claimed protection against violation of constitutional rights of a citizen in the county where the suit is instituted, then such suit may be maintained in the county where the invasion of the constitutional right is threatened. The sum of the holding in Smith v. Williams, supra, and cases which have followed it simply is that a state agency with headquarters at the seat of government in Tallahassee has the privilege of demanding that suit be brought against it there in any situation primarily involving a construction of the rules or regulations of the agency. This is more a matter of historic policy for the convenience of the people and the public agency, than it is a fixed rule of law. Usually the required records are kept at the seat of government and most often the key witnesses will be found there. However, the policy has now become so often repeated that it certainly might properly be elevated to the dignity of a rule of law.
"We repeat for emphasis that the privilege to select the venue rests with the state agency. * * *
* * * * * *
"In Henderson v. Gay, supra, the Comptroller asserted the privilege of having the suit for review brought in Leon County, the seat of government. Conversely, in the instant case the Florida Industrial Commission instituted this *322 proceeding itself in Dade County by the designation of a Dade County deputy commissioner to hold the hearings on the matter of the revocation of the petitioner's license and by designating a place in Dade County as the place of the hearings. Section 449.13, supra, merely requires the Commission to refer the matter to `a deputy commissioner.' The selection is made by the Commission. Furthermore, in the District Court of Appeal when this matter was originally submitted for review there, the respondent State Commission offered no objection to the forum and asserted no privilege to have review accomplished in any other court. Applying the rule of the cases last mentioned we are led to the view that in the instant situation the state agency has itself established the venue for the instant proceeding and has not asserted any privilege to have the matter heard by the Court of Appeal which has jurisdiction of the geographical area in which the seat of government is located. Under these circumstances we conclude that at the outset, the petitioner properly instituted this review proceeding in the District Court of Appeal, Third District. The respondent Commission has not asserted any privilege to have the matter heard at the seat of government. On the contrary, it has itself established the venue by instituting the proceeding in the Third District, and by defending against the requested review in the Court of Appeal there. Respondent has consequently consented to review by the Court of Appeal having jurisdiction in that area and has not asserted any privilege to the contrary." (Emphasis added) (122 So.2d at pages 177 and 178)
Our sister court of the Third District, in Green v. Bob Lourie Films, Inc., supra, succinctly stated the rule as follows:
"It has been held that suits against the comptroller to test the legality of taxes can be maintained against him only in Leon County `unless he waived the privilege or unless some attempt to seize and sell property * * * has been actually initiated in the county where the suit is brought.' Henderson v. Gay, Fla. 1950, 49 So.2d 325, 327, and numerous cases cited therein." (Emphasis added) (133 So.2d at page 432)
We too have recognized the right of a governmental agency to be sued in the county of its headquarters "unless such privilege is waived" in Amelia Island Mosquito Control Dist. v. Tyson, supra.
More recently, our sister court of the Second District, in Department of Revenue v. First Fed. Sav. & L. Ass'n., supra, stated the rule to be as follows:
"We understand Florida law to be that absent a waiver, the state or any of its agencies may be sued in a county other than that which is the situs of its official headquarters only when the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent.[1] We are called upon to decide, therefore whether in this case the Department of Revenue either had indeed taken official action to collect the intangible taxes involved herein or whether the threat of such action was both real and imminent."
[1] See, e.g., Dowdy et al. v. Lawson et al. (Fla. 1954), 72 So.2d 50; Henderson v. Gay (Fla. 1950), 49 So.2d 325; Morris v. Williams (Fla.App. 1967), 199 So.2d 747; and Green v. Bob Lourie Films, Inc. (Fla. App. 1961), 133 So.2d 431. (Emphasis added) (256 So.2d at pages 525 and 526)
In short, it is apparent from all the cases that the privilege of litigating at the seat of government or the official headquarters of the State or any of its sub-entities may be waived. A fortiori if the privilege may be waived then the venue may be placed in any other court having jurisdiction. It is perfectly clear that the appellees in the case sub judice, by filing a motion to change the venue from Leon *323 County to Sarasota County thereby waived their privilege of being sued in Leon County.
It follows therefore that Sarasota County is a county in which the action "might have been brought."
We having found that Sarasota County was a proper forum for the bringing of the action, and it having been established that such is the more convenient forum, it follows that the order transferring the case to Sarasota County pursuant to Florida Statutes § 47.122, F.S.A., was proper.
Accordingly the order of the Circuit Court transferring the cause to the more convenient forum pursuant to Florida Statutes § 47.122, F.S.A., is affirmed and the interlocutory appeal is hereby dismissed.
It is so ordered.
RAWLS, C.J., and SPECTOR, J., concur.