BOYER, Judge
(concurring specially).
It has been said that it is more important that the law be certain than just. It is only in the interest of certainty that I concur with the result reached here. The several cases by eminent jurists writing for the several District Courts of Appeal cited in the opinion by my colleagues do appear to sustain the conclusion reached on the basis stated in the opinion. However, I do not see the issues as involving jurisdiction. Although often confused, jurisdiction and venue are entirely different (See Ringling Brothers v. State of Florida, Fla.App.1st 1974, 295 So.2d 314.) Were we not bound by the doctrine of Stare Decisis (which is the only manner in which certainty may be maintained in the law), I would urge that the venue statutes be applied in the case sub judice and other like cases; which would, in my opinion, result in a more equitable resolution of the problem. Further, in considering the factually similar cases cited in the above opinion, I think it pertinent to suggest that there is a distinction between the remedies of habeas corpus and modification of an existing final judgment in a domestic relations case.